ANASTASIA A. McNICHOL et al.

*v.*

WALTER TOWNSEND.

[Submitted September 23d, 1907. Decided September 30th, 1907.]

1. One selling part of his land may lawfully restrict its use for the benefit of the remaining part, if the restricted use does not infringe public policy, and in such case a subsequent purchaser of all or a part of the remaining land may in equity enforce the stipulation against the prior grantee, or against the prior grantee's grantee with notice of the restriction.

2. On a bill to enforce a restrictive building covenant against a prior purchaser from a common grantor, the burden is upon complainant to show the covenant was made for the benefit of his land.

3. Complainant cannot enforce against a prior purchaser from a common grantor a restrictive building covenant prohibiting the erection of a building within thirty-two feet of the street line, where complainant's lot is across and about one hundred and fifty feet down the street from such prior purchaser's lot, there being no showing that the restriction was reserved for the benefit of complainant's lot, and no showing of a general scheme for the improvement of the avenue according to a defined plan to be accomplished by exacting uniform building covenants from the several purchasers.

On bill for injunction.

*Messrs. Bourgeois & Sooy,* for the complainants.

*Messrs. Thompson & Cole,* for the defendant.

LEAMING, V. C.

Complainant seeks the enforcement of a certain restrictive stipulation which is contained in a deed of conveyance made to defendant's predecessor in title. Omitting unimportant details, the facts may be briefly stated as follows: October 19th, 1888, one Brown owned several lots on States avenue in Atlantic City. On that day he conveyed to one Graham a lot on the easterly side of the avenue at the corner of Pacific avenue. The deed of conveyance contained the restrictive clause now in question, which was in this language:

"Under and subject, nevertheless, to the following conditions and restrictions; that the house erected upon said lot shall be of good style and in keeping with the other properties on said United States avenue, to be built in line with the other houses and at a distance of not less than thirty-two feet from the line of said United States avenue, and that the depth or width of the porch shall not be more than eight (8) feet, and that there shall be no stable, outside privy or outbuilding erected upon the same, and that no building erected upon said lot shall be used as a hotel, tavern, boarding-house or other like purpose."

By sundry mesne conveyances the title to this lot became vested in defendant with notice upon the part of defendant of the existence of the restrictive stipulation contained in the Graham deed. October 16th, 1899, Brown conveyed to complainant a lot on the westerly side of States avenue, about one hundred and fifty feet southerly of Pacific avenue. This deed contained a similar clause. Defendant is about to erect a building on his lot which is to extend to within six feet of the line of States avenue and complainant seeks a preliminary injunction against this violation of the terms of the Graham deed above quoted.

The equitable grounds on which restrictions of this nature may be enforced at the instance of a subsequent grantee of the common grantor are well defined. One owning a tract of land may convey a portion of it and by appropriate convenant or agreement may lawfully restrict the use of the part conveyed for the benefit of the unsold portion, providing that the nature of the restricted use is not contrary to principles of public policy. In such case a subsequent purchaser of all or a part of the remaining land, for the benefit of which the stipulation was

made, may, in equity, enforce the observance of the stipulation against the prior grantee upon the principle that the rights created by such a stipulation are transferrable as part of the land to which they are attached. *Coudert* v. *Sayre, 46 N. J. Eq. (1 Dick.) 386, 393.* And such subsequent purchaser may, in equity, enforce the stipulation against a person who holds title under the prior purchaser, who has acquired title with notice of the restriction, upon the principle which prevents a party having knowledge of the just rights of another from defeating such rights. *Brewer* v. *Marshall, 19 N. J. Eq. (4 C. E. Gr.) 537, 542.* As no privity exists between the subsequent purchaser from the common grantor and the original grantee or the persons holding under him, the right of action is necessarily dependent upon the existence of the fact that the stipulation was originally made for the benefit of the remaining land of the common grantor. *Rogers* v. *Hosegood, 2 L. R. Ch. 388, 404 (1900).* It follows that if the stipulation contained in the conveyance made by Brown to Graham in the year 1888 was made for the benefit of that part of the remaining land of Brown's which was, in the year 1899, conveyed to complainant, complainant is in this suit entitled to the injunction which is now sought to restrain defendant from erecting the building proposed. It may therefore be said that the controlling question now presented is whether the restrictive stipulation above quoted was inserted in the Graham deed for the benefit of the land now owned by complainant. The burden is necessarily upon complainant to establish this fact. The Graham deed, so far as the record discloses, contains no statement that the restrictive clause now in question was for the protection of any part of Brown's unsold property and contains no engagement upon the part of Brown, and the adjudicated cases do not appear to have recognized that a stipulation or covenant of this nature will be presumed to have been made for the benefit of the remaining land of the grantor in the absence of some evidence of the fact. In *Master* v. *Hansfard, 4 Ch. Div. 718, 724,* and again in *Renals* v. *Cowlishaw, 9 Ch. Div. 125, 129,* it is recognized that such restrictive covenants may be intended for the benefit of remaining land of grantor or may be intended only to enable the grantor more

advantageously to deal with his property. In the affirmance of the latter case on appeal it is also suggested that there should be something in the deed containing the restrictive covenant to define the property for the benefit of which it was entered into. *11 Ch. Div. 866, 868.* Should it be assumed that the restrictive stipulation contained in the Graham deed was for the benefit of remaining land of the grantor it would be difficult to indulge the assumption that it was for the benefit of that part of his remaining land which complainant now owns, as other land nearer to the land conveyed appears to have been owned by Brown at the date of the Graham deed. In *Hemsley* v. *Marlborough Hotel Co., 62 N. J. Eq. (17 Dick.) 164, 170,* Vice-Chancellor Reed clearly defines the necessity of evidence to establish the fact that the restriction which is sought to be enforced by a subsequent grantee of a common grantor was intended for the benefit of the remaining land. Where a general building scheme exists the intent of the parties is sometimes easily ascertained by the application of the words of the deed to the surrounding circumstances, but the evidence in this case fails to disclose the existence of such general scheme. Brown had at one time been the owner of all the land on either side of States avenue, extending from Pacific avenue to the ocean. At the date of the Graham deed nearly all of the land had been sold by him. In many deeds of lots so sold by him covenants or stipulations had been inserted substantially the same as the one now in question, but four of the conveyances so made by him contained no restrictions whatever. In view of that fact it cannot be said that any general scheme existed for the improvement of the avenue according to a defined plan to be accomplished by the exaction of uniform building covenants from the several purchasers of lots. *Mulligan* v. *Jordan, 50 N. J. Eq. (5 Dick.) 363, 364, 365; Leaver* v. *Gorman, ante p. 129.* I am unable to find that sufficient evidence exists of the fact that the stipulation in question was intended for the benefit of the land now owned by complainant to entitle complainant to the relief sought. This view renders unnecessary the consideration of the other defences urged.

The order to show cause will be discharged, with costs.