### FRANCIS v. ZIERING et al.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

COVENANTS (§ 79*)—RESTRICTIVE BUILDING COVENANTS—RIGHT TO ENFORCE.

    Plaintiff, who owns land across the street from defendants, acquired from defendants' grantor, who was the common grantor of all the property in the block upon which dwellings have been erected, can enforce against defendants covenants in deeds to them and to their grantors against the erection of buildings within 10 feet of the street line.

    [Ed. Note.—For other cases, see Covenants, Dec. Dig. § 79.*]

Submission of controversy, under Code Civ. Proc. §§ 1279–1281, between Caroline N. Francis and Philip Ziering and another. Judgment for plaintiff.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Charles H. Machin, for plaintiff.

Meyer D. Siegel, for defendants.

RICH, J. Defendants' grantors became possessed of a piece of real property on Bay avenue in 1889, under a deed containing the provision:

"And the said party of the second part, for himself, his heirs and assigns, doth further covenant to and with the said party of the first part, his heirs,

executors and administrators, that neither the party of the second part nor his heirs or assigns shall or will ever erect or permit on said premises or any portion thereof, any building within ten feet of the land of said Bay avenue."

And the conveyance to the defendants reiterates this provision. In 1897 defendants erected a stone and brick structure upon said premises which extends to the building line of the street, beyond the front of the other buildings on the avenue, and it is sought by plaintiff who is the owner of a dwelling house on the opposite side of the street, to perpetually enjoin the defendants from maintaining a building or structure within 10 feet of the northerly line of the street.

We are at a loss to understand why there should be any disagreement as to the meaning of this clause. There are several separate covenants contained in the deed. The one under consideration, however, may be construed without reference to the others. It runs with the land, and provides that the grantor, his heirs and assigns, should never erect or permit on said premises, or any portion thereof, any building within 10 feet of the land of Bay avenue; that is, within 10 fee of the street line. When the defendants acquired title to the premises, it was subject to this restriction. They undertook to keep the covenant, and cannot complain if neighbors object to its violation. The plaintiff acquired title to the premises owned by her from defendants' grantor, who was the common grantor of all of the property in that block upon which dwelling houses have been erected; and, if she feels herself aggrieved, the power of the court may be invoked for relief, and judgment is ordered for the plaintiff for the relief demanded.

Judgment for the plaintiff on submission of controversy, with costs. All concur.