## A. E. VELIE and Others v. ARCHA RICHARDSON.[1]

July 10, 1914.

Nos. 18,614—(157).

**Injunction — violation of building restrictions.**
    1. The complaint states a cause of action for an injunction, its allegations being sufficient to admit proof that the owners of a tract of land, platted into a large number of lots, formed a scheme to sell the lots, subject to building restrictions; that pursuant to such plan all lots were sold by such owners subject to a covenant restricting the erection of buildings thereon to dwelling houses of a certain character; that the owners deeded to plaintiffs and defendant severally lots in the tract subject to this covenant; that some of plaintiffs have erected dwellings in reliance upon and in conformity to the covenant, and that defendant is erecting a structure in violation thereof.

**Same — evidence.**
    2. The fact that two lots out of the tract have been sold without the re-

[1] Reported in 148 N. W. 286.

---

Note.—On the question who may enforce restrictive covenant or agreement as to use of property, see note in 37 L.R.A.(N.S.) 12.

strictive covenant, and that as to two more the restriction is different, is, not conclusive that the owners of the tract did not sell subject to a general. plan of restriction which inured to the benefit of every purchaser.

**Discretion of court.**

3. No abuse of discretion is shown in the granting of a temporary injunction herein.

. Action in the district court for Hennepin county to obtain a permanent injunction enjoining defendant from erecting an ice house upon his premises and compelling him to remove any part of the building already constructed that was contrary to the covenants of restriction set forth in the complaint. A motion of plaintiffs for a temporary injunction was heard before Jelley, J., who granted the same during the pendency of the action upon filing an indemnity bond. From the order granting the temporary injunction, defendant. appealed. Affirmed.

*Herbert E. Day,* for appellant.
*Harry Rauch,* for respondent.

HOLT, J.

This appeal questions the right of the court below to restrain the defendant *pendente lite* from erecting an ice house upon his lot in violation of a covenant in the conveyance to him.

The appellant contends that it was an abuse of discretion to issue the temporary injunction, because the complaint does not state a. cause of action and the affidavits did not aid the complaint, if that could be done. No injunction, temporary or permanent, should issue, if no cause of action is stated in the complaint. The complaint alleges that the several plaintiffs own specified lots in a tract of land platted as Diamond Lake Acres, and the defendant owns lot 82 therein; that in order that the said tract of land should become a strictly residential district the owners thereof sold each and every lot subject to this covenant: "No building shall be erected on any lot. except a private detached dwelling house, which shall cost not less than Five Hundred Dollars ($500.00), and be located not nearer than 25 feet to the front lot line; but a stable or garage may be erected not nearer than 100 feet to the front lot line, nor nearer than

20 feet to any street or avenue adjoining the side of lot. The above covenant shall run with the land and shall bind the purchaser and his heirs, executors, administrators and assigns until the 1st day of January, A. D. 1930, when they shall cease and terminate." The complaint further avers that plaintiffs bought their lots in consideration of all the lots in said tract being subject to the same covenant; that some of them have in reliance thereon built beautiful dwellings and have complied with the covenant; that defendant purchased his lot subject to the same covenant, except that in the conveyance to him it was specified that the cost of the dwelling house should not be less than one thousand dollars; that defendant, in violation of the covenant, has begun the erection upon his lot of an ice house wherein to conduct an ice business; and that this will be an eyesore in the neighborhood and ruin the said Diamond Lake Acres tract for a residential district and depreciate the value of plaintiff's lots and houses. We think the complaint fairly construed does show that the owners of a tract of land having platted the same into many lots with the intention of attracting purchasers, formed and carried out a plan to sell the lots subject to covenants restricting the lots to homes, of a certain character. The inference is reasonable that the covenant was exacted not only to enable the owners the more readily to dispose of the lots, but also that it should be for the benefit of all purchasers, so that they might be able to dwell in a strictly residential district. It is plain that such restrictions appeal to many in selecting or buying property. Every grantee in accepting a deed with a similar restriction ought to know that thereby a right is reserved in behalf of others who may be so situated as to be entitled to the benefits of the covenant. The defendant had notice of the building plan from his deed, and from the deed to his grantor which included eight lots. The complaint sufficiently shows that both plaintiffs' and defendant's title to their lots originated with the owners of the tract who sold all the lots therein with the restrictive feature mentioned. The covenant inuring to plaintiffs' benefit, they have a right which equity will protect, by injunction if necessary. The following cases sustain the theory upon which the complaint is based: Appeal of St. Andrew's Lutheran Church, 67 Pa. 512;

Whitney v. Union Ry. Co. 11 Gray (Mass.) 359, 71 Am. Dec. 715; Sharp v. Ropes, 110 Mass. 381; Hopkins v. Smith, 162 Mass. 444, 38 N. E. 1122; Harris v. Roraback, 137 Mich. 292, 100 N. W. 391, 109 Am. St. 681; De Gray v. Monmouth Beach Club House, 50 N. J. Eq. 329, 24 Atl. 388; Bowen v. Smith, 76 N. J. Eq. 456, 74 Atl. 675, and the numerous authorities cited in the exhaustive note to Korn v. Campbell, 37 L.R.A.(N.S.) 12–37. Whether the covenant is in fact one inuring to the benefit of plaintiffs may appear from the circumstances attending the sale of the lots and the situation of the parties. The allegation of the complaint is sufficient to let in the proof, if it is to be had.

Affidavits were adduced by both sides upon the hearing of the application for a temporary injunction, and, we think, a case for the trial court's discretion was presented, unless the fact that two lots in the tract were sold with a restriction only as to cost of the building and two lots without any restrictive covenant precludes plaintiffs from claiming protection. There appear to be 128 lots in the tract, of which 90 have been sold under deed or agreement with covenants like the one above set out. It is stated in an affidavit in behalf of plaintiffs that the two lots sold without the covenants were so sold before the owners fully decided upon the form of the building restriction, but with the understanding that the lots should be used for residential purposes only. That a couple of lots were sold without a written restriction, and that in the sale of two others the restriction is different from the rest, does not, in the sale of this large number of lots, conclusively prove that the covenants were not inserted in plaintiffs' and defendant's deeds pursuant to a general scheme or plan of the owners to establish an exclusively residential district. Hano v. Bigelow, 155 Mass. 341, 29 N. E. 628; Coates v. Cullingford, 147 App. Div. 39, 131 N. Y. Supp. 700; Frink v. Hughes, 133 Mich. 63, 94 N. W. 601; Allen v. City of Detroit, 167 Mich. 464, 133 N. W. 317, 36 L.R.A.(N.S.) 890. It cannot be held upon the pleadings and affidavits that the covenant was personal to the grantor or that it did not inure to the benefit of plaintiffs. And, if it be one to which plaintiffs can claim the right, they are entitled to the remedy invoked to protect against its violation regard-

less of any resulting pecuniary damage.    22 Cyc. p. 860.    We fail to see abuse of discretion in the granting of the temporary injunction..

· Order affirmed.