# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

### ELIZABETH T. GODLEY v. I. WEISMAN.[1]

May 5, 1916.

Nos. 19,714—(15).

**Deed — building restrictions in prior deed.**

1. A deed to "lot 11" and other lots contained a covenant that the deed was subject to building restrictions contained in a prior deed which conveyed only lot 11. This adopted the building restrictions in the former deed and applied them to all lots conveyed by the later deed so far as the restrictions could be made applicable thereto.

**Deed — general building plan.**

2. Where the owner of a lot subject to no building restrictions conveys it and in the deed inserts restrictive covenants, these covenants cannot, in the absence of some general building plan, be regarded as enuring to the benefit of lots previously conveyed by him, and prior grantees cannot enforce such restrictions. Where, however, a number of lots in the same locality, and some contiguous to others, were conveyed by a single deed containing building restrictions applicable to all, and the grantee conveyed one tract to plaintiff and later a contiguous tract to defendant, and in each deed incorporated the building restrictions under which he held his title, these transactions evince a

[1]Reported in 157 N. W. 711.

purpose to adopt a general building plan. An owner need not have a multitude of lots in order to have a building plan. He may have such plan' for two lots as well as for more.

**Enforcement of building restrictions.**

3. Where there is. a general building plan with restrictions, the restrictions are for the benefit of all of the land subject thereto, and each grantee of any part of the land may enforce the restrictions against his neighbor.

**Same — loss of right.**

4. Plaintiff has not forfeited her right to enforce a restriction against the building of duplex houses by the fact that a one-story sun room or porch of her house extends beyond the building line, the main portion of her house being within the line.

Action in the district court for Hennepin county to restrain defendant from erecting upon his premises a "duplex" or any other kind of improvement than what is provided in the building restrictions in the deed of conveyance to defendant. The case was tried before Steele, J., who made findings and ordered judgment in favor of plaintiff. Defendant's motion for an additional finding was granted. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Cohen, Atwater. & Shaw,* for appellant.
*Roberts & Strong,* for respondent.

HALLAM, J.

The easterly half of block 4 of Lake of the Isles Addition to Minneapolis is divided into eleven lots 100 feet in width, numbered consecutively from 1 to 11.

On May 17, 1912, William McK. Barbour executed a deed conveying lot 11 in block 4 to Charles G. Gates. This conveyance was made "subject to the following building restrictions, which shall run with the land and be binding upon the grantee herein and his heirs and assigns, viz:

"No. 1. That said premises, when improved, shall be improved by the erection of either one or two dwellings, and, if garages are desired, by the erection of either one or two garages in the rear of said dwellings.

"No. 2. The front foundation of said dwelling or dwellings, exclusive of porch, shall be placed forty (40) feet and six (6) inches back from the

front line of said Lot Eleven (11), and that said dwelling or dwellings shall face Lake Place but permit of an entrance on West 25th Street and shall not be what is known as a duplex or flat building or store, or be arranged for more than one family for each dwelling.

"No. 3. That whatever dwelling is erected on said premises shall cost, exclusive of lot and garage, not less than Five Thousand ($5,000.00) Dollars."

On November 18, 1914, Gates having died, his devisees executed a deed without warranty conveying to Frank P. Hopwood lot 11, part of lot 10, lot 5, and the southerly portion of lot 4, in block 4, and lots 7, 8, and 9 in block 14. This conveyance was made subject to "the building restrictions and limitations" contained in the deed from Barbour to Gates.

On December 21, 1914, Hopwood executed a deed conveying the northerly half of lot 5 in block 4 to plaintiff subject to "the building restrictions" contained in the deed from the Gates' devisees to himself "with reference to above described property."

On August 14, 1915, Hopwood executed a deed conveying the southerly portion of lot 4 in block 4 to defendant, and inserted therein a provision that the conveyance was made "subject to the building restrictions and limitations" contained in the deed from Barbour to Gates. This tract is contiguous to that conveyed to plaintiff.

Plaintiff has erected a dwelling house upon her property at an expense of nearly $10,000, in which she resides with her family. Defendant is about to erect a duplex, or "two family" residence, upon his property. Plaintiff brought this action to enjoin defendant from building a duplex, and the trial court granted a permanent injunction forbidding its erection. Defendant moved for a new trial and appealed from an order denying his motion.

Whether plaintiff is entitled to an injunction depends upon the force and effect to be given to the above four deeds. Plaintiff's claim rests upon the contention that, by virtue of the provisions inserted in the above deeds, she has acquired the right to compel defendant to comply with the building restrictions contained in the deed from Barbour to Gates. In order to sustain her contention, plaintiff, not being in privity with defendant, must establish that these restrictions were imposed upon

the property owned by defendant, and were imposed thereon for the benefit of the property owned by herself. McNichol v. Townsend, 73 N. J. Eq. 276, 67 Atl. 938; Hays v. St. Paul M. E. Church, 196 Ill. 633, 63 N. E. 1040.

1. Defendant contends that the deed from Gates to Hopwood, by incorporating the building restrictions contained in the Barbour deed, imposed those restrictions only upon lot 11, the lot conveyed by the Barbour deed. The language of the Gates deed is not free from doubt, but we are of the opinion that by inserting in it the provisions above quoted the parties intended to adopt the restrictive covenants contained in the Barbour deed, and to extend them to all lots conveyed. This seems to us the reasonable construction of the language. True, some of the restrictions in the earlier deed could not apply to all lots in the later deed, such for example as that requiring an entrance on Twenty-Fifth street, but most of the restrictions could apply to all lots conveyed by the later deed, and this is true of the particular restriction which is here involved. If the language used in the later deed is to be limited in its application to lot 11, it serves no useful purpose at all, since lot 11 was already subject to these building restrictions in the hands of Gates and his heirs and assigns, and inasmuch as the later deed was without covenants of warranty, no exceptions of incumbrances in it were required. We hold that the deed from Gates' devisees to Hopwood adopted and applied to all lots thereby conveyed the building restrictions contained in the Barbour deed, so far as the same could be made applicable. We are also of the opinion that the language above quoted from the deeds to plaintiff and to defendant was intended to carry the same restrictions forward in those deeds. If the language of these deeds did not have this meaning, then, admittedly, it had no meaning at all.

2. It may be conceded that where the owner of a lot subject to no building restrictions conveys it, and in the deed inserts restrictive covenants, those covenants cannot, in the absence of some general building scheme or plan, be regarded as enuring to the benefit of contiguous property previously conveyed by him, and prior grantees cannot enforce such covenants. De Gray v. Monmouth Beach Club House Co. 50 N. J. Eq. 329, 24 Atl. 388; Mulligan v. Jordan, 50 N. J. Eq. 363, 24 Atl. 543; Summers v. Beeler, 90 Md. 474, 45 Atl. 19, 48 L.R.A. 54, 78 Am. St.

446; Doerr v. Cobbs, 146 Mo. App. 342, 123 S. W. 547. But this is not such a case. We have here this case: The owner of a number of lots in the same locality, some of which are contiguous to each other, and all of which are subject to the same building restrictions created by the same deed, sold one tract to plaintiff and later a contiguous tract to defendant, and in each deed incorporated the building restrictions under which he held his title. Both of these tracts are still subject to the restrictions contained in the original deed of the whole. The facts of this case disclose a purpose to adopt a general building plan applicable to all lots embraced in the deed from Gates' devisees to Hopwood. An owner need not have a multitude of lots in order to have a building plan. He may have such a plan for two lots as well as for two hundred. Clark v. Martin, 149 Pa. St. 289. A building restriction in the original deed of the whole, which is also put in all subsequent deeds to purchasers of individual lots, is sufficient evidence of a general plan for the improvement and benefit of all of the land. Tobey v. Moore, 130 Mass. 448. 451; see also St. Andrews Church's Appeal, 67 Pa. St. 512.

3. Where there is a general building plan applicable to a number of adjacent or contiguous lots, and lots are conveyed according to such plan, the grantee of any part of the land subject thereto has the right to enforce the restrictions against his neighbor. Velie v. Richardson, 126 Minn. 334, 148 N. W. 286; Clark v. McGee, 159 Ill. 518, 524, 42 N. E. 965; Sharp v. Ropes, 110 Mass. 381, 385; Francis v. Ziering, 128 App. Div. 253, 112 N. Y. Supp. 647.

That Hopwood could shake off these building restrictions by conveying the land, seems impossible doctrine. See Sprague v. Kimball, 213 Mass. 380, 100 N. E. 622, 45 L.R.A.(N.S.) 962, Ann. Cas. 1914 A, 431. Equally clear is it that both grantees, the first as well as the last, can enforce the restrictions. These restrictions would be of little avail if they could not. Plaintiff is not a party to the covenant in defendant's deed; but the original restrictive covenants in the deed from Gates to Hopwood were for the benefit of all of the land conveyed by that deed, and plaintiff's lot was one of the lots so conveyed. Similar covenants in the later deeds of the separate parcels to plaintiff and defendant likewise inured to the benefit of all land subject to the original restriction.

4. We think that plaintiff has not forfeited her right to restrain the building of a duplex upon defendant's lot by the fact that she projected a one story sun room or porch upon her house beyond the building line. The main portion of the house is within the line. Bacon v. Sandberg 179 Mass. 396, 60 N. E. 936; Schadt v. Brill 173 Mich. 647, 652, 139 N. W. 878.

Order affirmed.

On June 9, 1916, the following opinion was filed:

PER CURIAM.

Counsel for defendant appellant on motion for reargument urges that because the court stated in the opinion that "the language of the Gates deed is not free from doubt" it should have held that the conveyance was therefore unrestricted. Counsel cite numerous cases to the general proposition that, where the right of a complainant to relief by the enforcement of a restrictive covenant is doubtful, the doubt should be resolved against the restriction and relief denied.

If by this is meant, as said in Peabody Heights Co. v. Willson, 82 Md. 186, 203, 32 Atl. 386, 1077, 36 L.R.A. 393, that "if there be doubt as to the intention of the parties, courts will naturally lean in favor of the freedom of the property," then we concur, for it is undoubtedly the rule that, "in construing conditions of this character, they are to be most strongly construed against the party seeking to exact their performance, and if any doubt exists as to the manner of the performance, * * * the restriction shall be construed most favorable to the one against whom it is to be enforced." Melsom v. Ormsby, 169 Iowa, 522, 532, 151 N. W. 817.

But, if the rule stated by counsel means that whenever the language of the restriction is such as to suggest doubt, either slight or grave, as to the meaning or extent of the alleged restriction, the court must forthwith forbear further consideration of the case and deny relief, then we do not concur. In Schoonmaker v. Heckscher, 157 N. Y. Supp. (App. Div.) 75, 77, the New York supreme court, appellate division, said, as did the courts in the cases cited by defendant's counsel, that "the law will always favor the free and unrestricted use of property, and therefore all doubts and ambiguities must be resolved in favor of the natural

right to the free use and enjoyment of property and against restrictions," but, as indicative of what it meant by this language, it also said: "An owner of real property has an unquestionable right to restrict its uses by covenant or agreement, and such restrictions will be upheld by the courts, provided they are reasonable, and not contrary to the public welfare, and effect will be given to the intention of the parties, as shown by the words used, considered in connection with the surrounding circumstances. But if, when so considered, the language used is reasonably capable of two constructions, the one that limits rather than the one that extends restriction should be adopted."

We think the true doctrine is that such restrictions will be enforced "whenever it fairly appears from the words of the grant that it was the intention of the parties" to impose a restriction. Boyden v. Roberts, 131 Wis. 659, 669, 111 N. W. 701; or, as stated in Smith v. Bradley, 154 Mass. 227, 231, 28 N. E. 141, "restrictions of the character of those which we are considering are to be interpreted fairly and reasonably, and according to the apparent purpose of protection or advantage to the several estates which they are intended to secure or promote  *   *   *. While they are not to be narrowly construed, they are not to be unduly enlarged," and we agree with the following: The primary rule of interpretation is "to gather the intention of the parties from their words, by reading not simply a single clause of the agreement, but the entire context, and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered when their minds met." Clark v. Devoe, 124 N. Y. 120, 124, 26 N. E. 275 quoted as authority in 1 Jones, Real Prop. and Conv. § 735, and quoted with approval in Kitching v. Brown, 180 N. Y. 414, 427, 73 N. E. 241, 70 L.R.A. 742. This is also quoted with approval and applied in Easterbrook v. Hebrew Ladies Orphan Soc. 85 Conn. 289, 295, where it is further said: "The term thus being one of ambiguous and uncertain meaning, it becomes necessary to determine, as best we may, the meaning in which it was used in the covenant." The following statement of the Michigan court is in accord: "While there is authority for saying that, in construing this language, we should resolve doubts in favor of the defendants  *  *  *  it is none the less our duty to give said language its obvious meaning. We are to construe the language in ac-

cordance with the intention of the parties to the deed." Harris v. Roraback, 137 Mich. 292, 293, 100 N. W..391, 109 Am. St. 681. In Vacuum Cleaner Co. v. Waldorf-Astoria Hotel Co. 198 Fed. 865, 867, after some analysis, it was said the doubt that must exist in order to warrant the denial of an application for an injunction must be a "fair doubt." Without attempting to classify the various shades of doubt, we are of the opinion that the mere statement that the language of a deed is not free from doubt does not necessitate an order of judgment for defendant.

Petition for reargument denied.