## CHARLES L. KLAPPROTH v. JOHN H. GRININGER AND OTHERS.[1]

April 17, 1925.

No. 24,364.

**Grant of right of way across lot violation of restriction in deed.**
> Where, pursuant to a plan to make a certain block a strictly residential district, a lot is conveyed with a provision that it shall be used for residence purposes only, granting a right of way across it to occupants of lands outside the block is a violation of the restriction.

*Headnote. See Deeds, 18 C. J. p. 391, § 452 (1926 Anno).

Action in the district court for Ramsey county for a permanent injunction restraining defendants from using a dock and strip of land for certain purposes. The case was tried before Orr, J., who ordered judgment in favor of plaintiff. Defendants appealed. Affirmed.

*Morphy, Bradford & Cummins* and *Charles H. Winter*, for appellants.

*Hurley & Hurley*, for respondent.

TAYLOR, C.
Block 1 of Bellaire consists of 43 lots fronting on White Bear

[1]Reported in 203 N. W. 418.

lake and extending southerly from the lake 185 feet to a public highway. In pursuance of a plan to make this block a strictly residential district for lake homes, the proprietor inserted in something over 30 of the deeds to purchasers restrictive provisions among which are the following:

"(1) That no boat or bath house or building shall be erected or maintained in White Bear Lake in front of and adjacent to said land (2) * * * that no building or structure shall be erected or maintained upon said land nearer to the highwater mark on the shore of said lake than fifty feet. (3) That said land shall be used for residence purposes only * * *."

Two contiguous lots numbered 28 and 29, each 60 feet in width, were conveyed to defendant John H. Grininger, in April, 1909, by a deed containing the above restrictions. In May, 1919, he conveyed lot 29, the east lot, to plaintiff subject to the same restrictions. Plaintiff erected a dwelling house thereon which he occupies with his family. The defendants, other than Grininger and his wife, own lots across the highway at the rear of these lots. In May, 1922, Grininger granted to them, as appurtenant to their lands, the perpetual right for themselves, their families and invited guests to pass and repass over the east ten feet of lot 28 for the purpose of going to the lake and using and enjoying it. Immediately thereafter, these grantees constructed a dock about two feet wide extending from this ten foot strip into the lake a distance of 75 feet and then at right angles a distance of 20 feet in front of plaintiff's lot. Thereafter many people passed over this ten foot strip in going to and from the lake for the purpose of boating, fishing and bathing, and in doing so passed within a few feet of plaintiff's sleeping porch, living room and bedrooms. On Sundays in warm weather, the number so passing exceeded 100, and the passing continued from early morning until late at night. Claiming that the easement granted by Grininger to the other defendants was a violation of the covenant in the deeds, plaintiff brought this action to enjoin the defendants from using the tenfoot strip for the purposes above stated. The trial court made extended findings of fact and rendered

judgment enjoining the defendants as requested.   They appealed.

The validity of the restrictions does not appear to be questioned. That they are valid and binding is well settled.   Velie v. Richardson, 126 Minn. 334, 148 N. W. 286; Godley v. Weisman, 133 Minn. 1, 157 N. W. 711, 158 N. W. 333, L. R. A. 1917A, 333; 27 R. C. L. 740, et seq.; 18 C. J. 385.   The question here is whether the easement granted by Grininger infringes the restriction that the land "shall be used for residence purposes only."

While covenants imposing restrictions upon the use of property will not be enlarged by construction, they will be given the full force and effect intended by the parties who created them, and where the language used is clear and unambiguous it will be given its obvious meaning.   Godley v. Weisman, 133 Minn. 1, 157 N. W. 711, 158 N. W. 333, L. R. A. 1917A, 333, and cases there cited; Hartman v. Wells, 257 Ill. 167, 100 N. E. 500, and cases cited in note to this case in Ann. Cas. 1914A, 904.   The covenant here in question provides that the land owned by Grininger shall be used *"for residence purposes only."*   By a formal instrument, he has granted, as appurtenant to properties outside block 1, a perpetual right of way for passing to and from the lake over a strip ten feet in width adjoining plaintiff's property.   Such use of the land is not within any definition of a residence purpose; and devoting it to the purpose of a passageway for the occupants of other lands necessarily precludes using it for residence purposes, save perhaps as a means of ingress and egress.   We think that the use made of this strip of land is inhibited by the covenant and that the learned trial court reached the correct conclusion.

The cases construing and applying covenants which impose restrictions upon the use to which land may be put are innumerable. See R. C. L. 739, et seq.; 18 C. J. 385, et seq.   Our own cases are cited in Dunnell, Minn. Dig. and Supps. § 2676.   But we have been cited to no case, and have found none, involving the precise question here presented—whether granting a right of way violates a restriction against using the property for any other than residence purposes.   In Flynn v. New York, W. & B. Ry. Co. 218 N. Y. 140, 112 N. E. 913, Ann. Cas. 1918B, 588, the defendant purchased lots

subject to a somewhat similar restriction and constructed an electric railway across them. It was held that defendant had violated the covenant and should be enjoined from maintaining its railroad, but could acquire the right to do so under the power of eminent domain. In Noel v. Hill, 158 Mo. App. 426, 138 N. W. 364, it was held that maintaining a billboard violated a restriction against using the property for business purposes. The authorities are fairly unanimous in holding that a covenant which restricts the use of property to residential purposes is violated by using the premises, or any part of them, for any other purpose.

Judgment affirmed.