## MISSION COVENANT CHURCH v. JOHN W. NELSON AND OTHERS.
## HERBERT GOLDT AND ANOTHER, APPELLANTS.

91 N. W. (2d) 440.

July 18, 1958—No. 37,487.

*John B. Friedrich,* for appellants.
*Holst, Erickson, Vogel & Richardson,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from a judgment of the district court. The case was heard on a motion by plaintiff, Mission Covenant Church, for summary judgment against defendants Herbert and B. Louise Goldt, husband and wife, and Phares and Rose Mary Cook, husband and wife. According to the court's memorandum made a part of its order, counsel for the above defendants indicated at the hearing that he also desired to move for summary judgment in behalf of his clients. It was thereupon stipulated in open court that such motion might be made. It was also stipulated that the pleadings would constitute the record for the determination of the motions. The court granted plaintiff's motion for summary judgment.

On and prior to November 7, 1952, plaintiff was the owner of all of the real estate described in paragraph II of the complaint, subdivisions A, B, and C. On that date plaintiff conveyed to John W. Nelson all of the real estate described in subdivision A, hereinafter called tract A. The conveyance contained several restrictions forbidding its use for the making or selling of intoxicating beverages, or for a public nuisance, or for construction of buildings to be used for carrying on any noxious dealing of offensive trade or business, or a tenement house, hotel, or boarding house and other conditions more particularly set out in the deed. The deed also provided that any person acquiring any of the conveyed premises would be entitled to bring injunctive proceedings if

the restrictions were violated. The deed also contained the following:

"These restrictions shall be for the benefit of the grantor and its successors and assigns and for the benefit of any person or persons hereafter purchasing * * * (the land described in subdivision B, hereinafter called tract B)."

On December 6, 1953, plaintiff conveyed to John W. Nelson the real estate described in subdivision C of the complaint, hereinafter called tract C, except a part which had been previously conveyed to Loren and Phyllis Bengston. That deed to Nelson contained the same restrictions as the ones in the November 7, 1952, conveyance to him covering tract A; the same recitals with reference to injunctive proceedings; and the further provision that the restrictions were for the benefit of the grantor, its successors and assigns.

The defendants Goldt and Cook, having become owners of part of the premises previously conveyed to John W. Nelson, which contained the restrictions herein referred to, claimed that they have the right to enjoin, if necessary, the use by plaintiff or its grantees of any portion of tract B for purposes that would not conform to the restrictions that were imposed on the earlier conveyances to John W. Nelson, through whom defendants acquired their property. Plaintiff opposes this claim, and according to the trial court's memorandum, plaintiff at no time has subjected any part of tract B to any of the restrictions on the portions previously sold to Nelson.

It appears to us from an examination of the record and from the oral arguments that the real question for us to decide is whether the deeds from plaintiff covering tracts A and C created implied restrictions or so-called "reciprocal negative easements" against the part retained by plaintiffs, thereby restricting tract B to the same uses permitted in tracts A and C.

It is our opinion that this court laid down the rule applicable to this case in Friederick v. Skellet Co. 180 Minn. 382, 231 N. W. 7. After commenting that the question as to who may enforce building restrictions had arisen in many cases, and referring to where they are collected in Note, 37 L.R.A. (N.S.) 12, and Annotations, 21 A. L. R. 1281, 33 A. L. R. 676, and 60 A. L. R. 1223, the court summarized what it

considered the rule governing enforcement of building restrictions in various situations. This court stated there that, where the owner conveys a part of his real estate without imposing or agreeing to impose any restrictions on the part he retained, and subsequently conveys the part retained or a parcel thereof subject to restrictions, a grantee of the part first conveyed cannot enforce such restrictions against a grantee of the part subsequently conveyed. The court reasoned that such restrictions could not have been an inducement for making the prior purchase nor could it have been an element in fixing the consideration for such purchase. It is our opinion that the rule and reasoning set out there apply in the instant case.

It therefore follows that in the case before us, where no part of tract B, retained by the plaintiff, had any restrictions, such retained property would not be subject to the restrictions imposed on the earlier conveyances of tracts A and C unless it might be said that implied reciprocal restrictions are imposed on the retained property and on subsequent conveyances thereof as a result of the restrictive covenants in the earlier conveyances.

While the defendants Goldts are the only appellants here, the four defendants referred to above contended in the trial court that tract B, retained by plaintiff, is subject to such implied reciprocal restrictions and that they have the right to enjoin any building operation or use on such retained property that may not be in conformance with the restrictions imposed upon their property.

In determining this question we must keep in mind a rule frequently enunciated in this state to the effect that inasmuch as the law leans in favor of the unrestricted use of property a strained construction will not be adopted in favor of restrictions. 5 Dunnell, Dig. (3 ed.) § 2676, and citations under note 96. There is much authority that covenants and agreements restricting the free use of property are strictly construed against limitations upon such use. Such restrictions will not be aided or extended by implication or enlarged by construction and doubt will be resolved in favor of the unrestricted use of property. 14 Am. Jur., Covenants, Conditions and Restrictions, § 212, and cases cited under notes 4, 5, and 6.

While it is elementary that one who seeks a summary judgment is the one who has the burden of proof in such matter, we said in Rose v. Kenneseth Israel Congregation, 228 Minn. 240, 36 N. W. (2d) 791, that the burden of proving a general plan of improvement was upon the plaintiffs. The existence of such a general plan is a question of fact to be determined by looking to the conditions of platting, the sale of lots, and all surrounding circumstances as indicated verbally or in writing. See, also, Beals v. Case, 138 Mass. 138. We also stated in the Rose case that it is necessary to consider the intention of the original owners in platting the district.

While the tracts disposed of were not platted by plaintiff before the sale, its intention in placing restrictions on tracts A and C must be considered. There was nothing in the record here which would justify a conclusion that there was a general plan of improvement contemplated by plaintiff in connection with conveyances it made to Nelson of tracts A and C, which carried the restrictions. There was no platting. There is nothing in the conveyance indicating the general plan and no circumstances from which such a plan could be justifiably implied. All that plaintiff did was to include the restrictions in the conveyance of tracts A and C to Nelson, clearly indicating the intention that certain operations or buildings as set out in the restrictions should not be carried on in the tracts conveyed. Another thing that negates the suggestion of a general plan of improvement with respect to the tracts originally conveyed by plaintiff to Nelson is the fact that the exhibits displayed on oral argument showed that quite a deep ravine roughly divided these tracts from tract B. Also that part of tract B abuts directly on a railway right-of-way for some hundreds of feet, which would seem to place plaintiff's retained property in a position which would make it adaptable and useful for purposes not suggested for the property owned by the defendant.

In the Rose case we stated that we have recognized restrictions in furtherance of a general plan under certain circumstances in this state and that, where the owners of a tract of land have platted the same into many lots and formed and carried out a plan to sell the lots subject to covenants restricting them to the construction of homes of a certain

character, equity will protect the rights of other grantees who accepted deeds in the same locality with similar restrictions.

This court has previously stated that whenever land is developed under a general plan reasonably restrictive covenants which appear in deeds to all lots sold are enforceable alike by the vendor and the vendees and their successors in title. Cantieny v. Boze, 209 Minn. 407, 296 N. W. 491, 173 A. L. R. 321; Velie v. Richardson, 126 Minn. 334, 148 N. W. 286; Rose v. Kenneseth Israel Congregation, 228 Minn. 240, 36 N. W. (2d) 791. We agree with the trial court that we cannot find a general plan of improvement contemplated in connection with the tracts here involved as contended by the defendants.

It appears to be the position of counsel for the defendants Goldt, however, that a general plan is not necessary to create an implied reciprocal restrictive covenant in the instant case; that the conveyance of tracts A and C by plaintiff created what have been referred to as implied restrictions or reciprocal negative easements and that having placed the restrictions in the deeds to Nelson it cannot now convey or use the retained tract B for other purposes.

Defendants cite and appear to rely on Sanborn v. McLean, 233 Mich. 227, 206 N. W. 496, 60 A. L. R. 1212, to support this view. We do not regard that case as in point. The holding in that case was based on the finding of a general plan. That is substantiated by the following statement in Annotation, 60 A. L. R. 1216, 1217, following the report of the Sanborn case: "It will be noted that this was a case of a general building scheme applicable to the entire tract." Again in 14 Am. Jur., Covenants, Conditions and Restrictions, § 199, the Sanborn case is cited and referred to under note 2 as follows: "Sanborn v. McLean, 233 Mich. 227, 206 N. W. 496, 60 A. L. R. 1212 (building plan or scheme involved in this case)."

As previously stated, there is nothing in the case before us from which we can legally find or infer that a general building plan was contemplated which would make Sanborn v. McLean, *supra,* applicable. Neither does it appear the conveyances of tracts A and C create any implied restrictions or reciprocal negative easements against tract B retained by plaintiff. See, 14 Am. Jur., Covenants, Conditions and Restrictions, § 199.

We have reviewed and considered the cases cited and other points raised by the defendants and it is our opinion that the trial court has given this case careful and conscientious consideration and that its decision should be affirmed.

Affirmed.