BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1909.

---

## J. ADAM DOERR et al., Respondents, v. FRANK R. COBBS, Appellant.

St. Louis Court of Appeals, November 30, 1909.

1. **APPELLATE PRACTICE: Judgments: Clerical Mistake: Position of Parties.** A decree which enjoins the erection of a building closer than forty feet from the *north* line of a street will be treated as meaning the *south* line, where it is evident the south line was intended and the parties have briefed it on that assumption.

2. **BUILDING RESTRICTIONS: Inure to Benefit of Grantor Only, When: Enforceable by Whom.** Where a common grantor conveys adjacent lots in a subdivision at different times to different grantees, subject to restrictive covenants, unless it appears either from the covenant inserted in a junior conveyance or from extraneous facts that the restriction was imposed for the benefit of persons holding under prior conveyances, the covenant in such junior conveyance will be treated as inuring to the sole benefit of the common grantor and as enforceable only by him and his heirs or devisees, or, at most, as enforceable also by persons who acquired title to other lots in the subdivision, under transfers from the common grantor of a date later than his transfer of the lot in question.

3. ———: ———: **Intention of Grantor: Established How: Evidence.** A bare intention of a common grantor, conveying adjacent lots in a subdivision to different grantees at different times, subject to restrictive covenants, to make the covenants inure to the benefit of all persons claiming under him by prior or subsequent deeds is not sufficient, but the intent must be established by competent proof, and that subsequent purchasers bought with actual or constructive notice of it.

146 App.]  (342)

4. ————: ————: ————: **Facts Stated.** A common grantor of lots in a subdivision conveyed lots at different times to different persons, subject to restrictive covenants. There was no proof of a general plan for the improvement of the lots, and there was nothing to show that the common grantor did not own other lots at the time of the junior conveyance. *Held,* not to show an intention of the common grantor to make the restrictions in the junior conveyance inure to the benefit of all persons claiming under the senior conveyances; and one claiming under a senior conveyance could not enforce the restriction against one claiming under a junior conveyance, though the same covenant was inserted in some deeds forming links in the chains of title of both parties.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

REVERSED AND REMANDED.

*L. P. Crigler, Frank B. Coleman* for appellant.

(1) The petition does not state a cause of action in that if fails to allege any facts to show that plaintiffs have any rights under the alleged restriction on defendant's lot. Sanders v. Nixon, 114 Mo. App. 229; Haines v. Einwachter, 55 Atl. 38; Badger v. Boardman, 16 Gray (Mass.) 559; Meriwether v. Joy, 85 Mo. App. 634; Coughlin v. Barker, 46 Mo. App. 60; Sharp v. Ropes, 110 Mass. 381; DeGray v. Monmouth, 50 N. J. Eq. 329; Mulligan v. Jordan, 50 N. J. Eq. 363; McNichol v. Townsend, 67 Atl. 938. (2) The deed executed by Haydock as attorney in fact was clearly incompetent, irrelevant and inadmissible for any purpose without some showing of authority to execute it, and the admission of incompetent and irrelevant testimony is reversible error. Fountain v. Railway, 114 Mo. App. 684; Gunther v. Roy, 74 Mo. App. 601. (3) The motion in nature of a demurrer to the evidence should have been sustained for the reason that plaintiffs did not make out a cause of action in that they failed to show that any rights under the alleged restriction inured to their benefit. McNichol v. Townsend, 67 Atl. 938; Sharp v. Ropes, 110 Mass. 381; Dana v. Wentworth, 111 Mass. 291; Skinner v. Shepherd, 130 Mass. 180; Beals v. Case, 130 Mass.

140; Badger v. Boardman, 16 Gray (Mass.) 559; Meriwether v. Joy, 85 Mo. App. 634; Sanders v. Nixon, 114 Mo. App. 229; Coughlin v. Barker, 46 Mo. App. 60; Mulligan v. Jordan, 50 N. J. Eq. 363; DeGray v. Monmouth, 50 N. J. Eq. 329; Keates v. Lyons, L. R. 4 Ch. 218; Schreiber v. Creed, 10 Sim. 9; Master v. Hansard, 4 Ch. Div. 718; Renals v. Cowlishaw, L. R. 11 Ch. Div. 866. (4) There is not a scintilla of evidence that a building was to be erected at all. Until there is some need for an injunction, it is error to grant one. Sec. 3649, R. S. 1899; Lester v. St. Louis, 169 Mo. 237; 16 Am. and Eng. Ency. Law (2 Ed.), p. 361; Lorenz v. Waldron, 96 Cal. 243; Home Ins. Co. v. Nobles, 63 Fed. 642; High on Injunctions, pp. 36, 37. (5) A lotowner who has violated the building restriction contained in his deed fixing the building line at a certain distance from the street cannot restrain another lotowner from violating the same restriction. He who seeks equity must do equity. Schubert v. Eastman Realty Co., 25 O. Cir. Ct. Rep. 336; Olcott v. Shepherd Knapp Co., 185 N. Y. 584 (affirming 89 N. Y. S. 201) ; Hyman v. Tash, 71 Atl. 742; Leaver v. Gorham, 67 Atl. 111; Compton Hill Imp. Co. v. Tower, 158 Mo. 282; Southworth v. Hopkins, 11 Mo. 339; Secret Serv. Co. v. Gill, 152 Mo. 156. (6) Plaintiffs are claiming under deed from Haydock, dated April 10, 1888, hence they cannot possibly have any rights under a restrictive clause in a deed from same grantor conveying adjacent lots dated May 5, 1890. Summers v. Beeler, 48 L. R. A. 54; Mulligan v. Jordan, 50 N. J. Eq. 363; DeGray v. Monmouth, 50 N. J. Eq. 329; Roberts v. Skull, 58 N. J. Eq. 396; Hyman v. Tash, 71 Atl. 742; Leaver v. Gorham, 67 Atl. 111; Meriwether v. Joy, 85 Mo. App. 634.

*William Baer* for respondents.

(1) Plaintiff's petition stated a cause of action. Hall v. Wesser, 7 Mo. App. 57; Hisey v. Presbyterian Church Trustees, 130 Mo. App. 566. (2) The deed executed by

Haydock as attorney in fact, was competent and admissible, there being no evidence on the part of appellant that Haydock did not have authority to execute such deed as attorney in fact. Appellant's source of title coming from Haydock, he cannot deny his grantor's title and right to convey. 13 Cyc. Law and Proc., p. 611. (3) The demurrer was properly overruled. Respondents established a cause of action. The restriction upon the use by appellant of the land ran with the land and was not a personal covenant. Sharp v. Cheatam, 88 Mo. 498; Hadley v. Bernero, 97 Mo. App. 314; Stevens v. Realty Co., 173 Mo. 511; Sanders v. Nixon, 114 Mo. App. 229; Whitney v. Railroad, 11 Gray 359; Chase v. Walker, 167 Mass. 293; Kirkpatrick v. Pershine, 24 N. J. Eq. 206; Coudert v. Sayre, 46 N. J. Eq. 386; Columbia College v. Lynch, 70 N. Y. 440; Meigs v. Milligan, 177 Pa. St. 66; Greene v. Creighton, 7 R. I. 1. (4) Appellant by demurring to the sufficiency of respondent's petition admits the existence of the facts therein alleged. This being so, appellant cannot complain that there was no evidence to establish that he was in the act of erecting a building. If it appears after verdict that the verdict or judgment could not have been given or the judgment rendered without proof of the matter omitted to be stated, the defect will be cured. State v. Sullivan County Court, 51 Mo. 522. After verdict, plaintiffs are entitled to the benefit of every reasonable inference from the facts alleged. Davis v. Jacksonville Line, 126 Mo. 69; Corpenny v. Sedalia, 57 Mo. 88; Ellsworth Coal Co. v. Quade, 28 Mo. App. 421. (5) "An injunction may be obtained to prevent an irreparable injury, even though no such injury has as yet occurred. If such injury is threatened or impending to property or property rights, an injunction will be granted." 22 Cyc. 757; Sherlock v. Kansas City Belt Line, 142 Mo. 172.

GOODE, J.—Plaintiffs and defendant own lots in what is known as "Reber's Subdivision in the city of St. Louis," and in city block No. 4068. The lot of plaintiffs fronts fifty feet on the south line of Odell avenue, running east and west, lies immediately west of an alley running north and south, and extends southward 190 feet to an east and west alley. The description of the property is the east fifty feet of lot 31, in city block 4068. Defendant owns a parcel of ground lying immediately east of the north and south alley, which therefore separates it from plaintiff's lot. Defendant's tract extends 190 feet east and west along the south side of Odell avenue, has a depth of 110 feet and 2 inches along the west line of Kingshighway, running north and south, and is described as lots 1 and 2 of block 4068, in Reber's subdivision. In September, 1908, defendant began to excavate on his lot for the purpose of putting up a building about fifteen feet south of the south line of Odell avenue, whereupon plaintiffs instituted the present action to restrain him from doing so, basing the cause on restrictive covenants in deeds to the two lots forbidding the erection of a house less than forty feet from the south line of Odell avenue. Deeds to the properties are meagerly shown in the abstracts of the record on which the case was submitted, and the dates of several of them are not given. The only conveyances affecting the title to plaintiff's lot which are exhibited are these: First, deed "from Margaret M. Reber, widow and executrix, to Flora R. Haydock, conveying lots 1 to 31 inclusive, in city block 4068, of Reber's subdivision," without restrictive covenants of any kind. The date of this deed is not given, but, as it included the parcel now owned by plaintiffs as well as that owned by defendant, the grantee in it, Flora R. Haydock, must be the common source of title. Second, the deed recorded in book 856, p. 314, which was the one from Flora R. Haydock, widow, to James F. Holden, conveying lot 31, block 4068, dated April 10, 1888, and contain-

ing this condition or covenant: "That neither said grantee nor any other person claiming title under said grantee shall ever erect or build a house upon said premises at a distance of less that forty feet from the south line of Odell avenue and sixty feet from the west line of Kingshighway." Third, deed "from Seaver et al. to plaintiffs, conveying the eastern fifty feet of lot 31, city block 4068, subject to restrictions contained in deed in book 856, p. 314." The date of that conveyance is not shown, and the three conveyances, supra, are the only ones exhibited from plaintiff's chain of title. The title of defendant was deraigned from Flora R. Haydock through five conveyances: First, deed from William T. Haydock, as attorney in fact for Flora R. Haydock, a widow, to Herman Starck, dated May 5, 1890, conveying lots 1 and 2, city block 4068, of Reber's subdivision, and containing this clause: "That neither said grantee nor any other person claiming under said grantee, shall ever erect any house on said premises at a distance of less than forty feet from the south line of Odell avenue. The penalty for the violation of such restriction being that the property should revert to the grantor." Second, a deed from Herman Starck and wife to Alfred Boyle, conveying said lots without restrictions. Third, deed from Alfred Boyle to Simon Lederer, conveying said lots subject to "restrictions of record." Fourth, deed from Simon Lederer and wife to Louis R. McDermot, conveying said lots subject "to conditions and restrictions, if any, now affecting said property." Fifth, deed from Louis R. McDermot to defendant Frank R. Cobbs, conveying said lots "subject to restrictions thereon, if any." The date of none of said deeds, except the first, is given. Nothing is in proof regarding restrictions on the use of the properties of plaintiffs and defendant, except the excerpts quoted from several of the conveyances, supra. Margaret Reber had platted Reber's subdivision at some date not shown, and by the recitals in the record of the plat it appears said Reber had become the owner "of

lot one of the Cooper tract," and had caused the same to be divided in the manner shown on the plat into what is denominated Reber's subdivision. The recitals further say all streets, avenues and alleys colored brown on the plat, lying within the boundaries of the aforesaid lot and not theretofore condemned or dedicated to public uses, were dedicated to public uses thereafter. The plat showed. Odell avenue to be eighty feet wide; that lot 1 of the subdivision had the dimensions on the south side of Odell and on the west side of Kingshighway stated supra; that it was bounded on the west side by a north and south alley twenty feet wide; that lot 31, of which plaintiff's parcel is part, lies next west of said alley, fronts on the south line of Odell avenue, and extends southwardly along the west line of the alley the distance we have stated. The dimensions and location of the lots and avenues on the plat, and the recitals of which we have given the substance, are all that appears regarding what Margaret Reber did about the subdivision, and do not show she imposed any restriction on the use of the property or prescribed a building line along Odell avenue. The building restriction was imposed first by Flora R. Haydock, who bought all the lots in the Reber subdivision from 1 to 31, inclusive. Flora Haydock figures in the record, not as the person who devised the plan on which the subdivision was laid out, but as the mesne owner and grantor of the parcels now owned by the parties to this action and other lots. Neither does it appear, except in so far as the covenants quoted from some of the deeds may show the fact, that she had conceived or given publicity to any scheme for the improvement of the lots acquired by her from Margaret Reber, part of which were afterwards conveyed to different grantees.

The court below entered a decree perpetually enjoining defendant, his agents, servants, or employees, or any person claiming under him, from constructing on his ground any building less that forty feet "from north

.line of Odell avenue." The word "north" must have been inserted in the decree by mistake; the intention being to say the south line. Nothing is said about this by the parties, who have briefed the case on the assumption that the injunction was intended to restrain the erection of a building closer that forty feet to the south line of Odell avenue, and this will be treated as the effect of the decree.

The infirmity in the case for plaintiffs is that there is nothing to connect them with the covenant in the deeds under which defendant claims title, so as to enable them to maintain this suit for the enforcement of the covenant. Title to the parcel of ground owned by plaintiffs passed from Flora Haydock, the common source of title under whom plaintiffs and defendant claim, April 10, 1888, or more that two years prior to May 5, 1890, when the title to the lots owned by defendant passed from said source. Unless it appears either from the covenant inserted by Flora Haydock in the deed by which she parted with the title to defendant's lots, or from extraneous facts, that the restriction was imposed on the use of the lots owned by defendant, for the benefit of persons holding lots under prior conveyances by Flora Haydock, the covenant will be treated as inuring to her sole benefit and as enforceable only by her and her heirs or devisees; or, at most, as enforceable also by persons who acquired title to other lots in the subdivision, under transfers from her of a date later than her transfer of the lot of plaintiffs. The principle of this doctrine is, that as Flora Haydock conveyed plaintiff's tract before she conveyed the lots defendant owns, she could not have assigned, along with the lot of plaintiffs, any interest in the restrictive covenant inserted in her subsequent conveyance of defendant's lots. The courts are in accord as regards the rule just stated, but there is disagreement as to the right of one holding land under a subsequent conveyance from a common vendor to enforce a restrictive covenant in an earlier conveyance,

when there is no proof the covenant was intended for the benefit of the later grantee, except that it was contained in the prior deed. In some cases like that the covenant has been regarded as not appurtenant to the land retained by the vendor, but as personal to him, and the right of a subsequent vendee to enforce it has been denied. This was done in a case determined by this court, wherein Judge THOMPSON comprehensively expounded the law of the subject. [Coughlin v. Barker, 46 Mo. App. 54.] See, too, Dana v. Wentworth, 111 Mass. 291; Master v. Hansard, L. R. 4 Ch. Div. 718. The opinion of Judge THOMPSON conceded the general rule was that where the common grantor of two adjoining lots sells one and retains the other, and puts in the deed of the one which he sells a covenant against building in a certain way, which covenant is manifestly intended for the benefit of the lot which is retained, and he afterward sells this lot to another, the covenant passes to the assign of such lot as an appurtenance to it, or as an easement for the benefit of it, and such assign may enforce it against the owner of the other lot, whether he acquired the other lot immediately from the original vendor or through mesne conveyances or by devise, descent or otherwise, provided he took with notice of the covenant, actual or constructive; conceded, too, the restriction in the land conveyed is usually construed to have been intended by the parties to the deed for the benefit of the land retained by the grantor in the deed, since in most cases it obviously could have no other purpose. Notwithstanding those concessions, the opinion declared that in the particular case no purpose to protect the vendor's other land could be gleaned from the bare fact of a restrictive covenant having been inserted in several grants of adjacent lots—a proposition possibly out of accord with the weight of authority, if intended as a general rule of decision, rather than one simply applicable to the facts before the court.

Our problem is different, and relates to a plaintiff who holds a title derived from an earlier deed, and that such a plaintiff cannot maintain a suit to restrain the violation of a covenant in a later deed conveying land in the vicinity of that first conveyed simply because there is a restrictive covenant in the later deed and its violation will affect the enjoyment of the plaintiff's property, has been declared in cases which are directly in point. [Mulligan v. Jordan, 50 N. J. Eq. 363, 24 Atl. 543; Roberts v. Scull, 58 N. J. Eq. 397, 43 Atl. 583; Leaver v. Gorman (N. J. Ch.), 67 Atl. 111; Hyman v. Tash (N. J. Ch.), 71 Atl. 472; Summers v. Beeler, 90 Md. 474, 45 Atl. 19, 48 L. R. A. 54, 78 Am. St. Rep. 446; Sharp v. Ropes, 110 Mass. 381.] A difference in principle can be discerned between the case of a grantee holding premises under a subsequent conveyance from the common source of title and seeking to enforce a covenant restricting the use of nearby premises, contained in a deed of prior date, from the case of a man who, holding title under a prior grant, seeks to enforce a covenant contained in a deed later than the one under which he claims. The junior grant is supposed to have been made for a consideration enhanced by the circumstance that the use in obnoxious ways of property adjacent to or in the neighborhood of that conveyed had been restrained in previous conveyances; or, to borrow the pungent phrase of Lord Hatherly, in Child v. Douglas, Kay, 560, the later grantee "must be said to have bought the benefit of the former purchaser's covenant." And, as no injustice to the former purchaser will be occasioned by holding him to the observance of the restriction in his deed, it is reasonable to allow any property-owner who bought later from the same vendor, and who will be damaged by a breach of the restriction, to restrain a breach. But the same reasoning does not obtain as widely in favor of permitting a senior grantee of one lot to insist on a restrictive covenant inserted in a later conveyance of another lot, inasmuch as the covenant to be

enforced was not in existence when the senior grantee bought, and the presumption that he bought in reliance on its protection does not arise naturally. In such an instance it must appear in some manner from the deed to the senior grantee, or *dehors* said deed, that the vendor intended the covenants to bind himself and those who thereafter should derive title from him to property in proximity to the complainant's. [Roberts v. Scull, 58 N. J. Eq. 397, 43 Atl. 583.]

The essential questions in cases like the present are whether the common grantor meant the restrictive covenant to inure only to his own benefit, or to the benefit of all persons to whom he had already conveyed or thereafter should convey property in the vicinity; and, if the latter was his purpose, whether it had been manifested in a way that purchasers would be treated as having bought with notice of it. The primary inquiry is as to the intention of the common grantor in imposing the restriction; but, as suggested, supra, a bare intention to make the covenant inure to the benefit of all persons claiming under him by either prior or subsequent deeds, cherished, but not made known so as to affect purchasers with notice, would not impair the right of purchasers to hold their tracts exempt from the restriction. [Coughlin v. Barker, 46 Mo. App. l. c. 63.] Competent and sufficient proof must be furnished of the intention and that the defendant bought with actual or constructive notice of it. As was said by Justice Wills in Nottingham, etc., Co. v. Butler, L. R. 15 Q. B. Div. 261, 268, it is a question of fact whether restrictive covenants exacted by a common vendor of parcels of land carved out of a tract constitute an agreement between him and his several vendees, imposed for his own protection, or were meant by him and were understood by the buyers, to be for the common advantage of all the buyers and enforceable *inter se*. The intention of the common vendor that the covenant should inure to the benefit of neighboring lots, whether held by the owners under deeds

prior or subsequent to the complainant's has been found from several species of circumstances; for instance, from the vendor binding himself in the deed conveying the defendant's parcel of land to observe the restriction in the use of his other property in the vicinity, and to insert the same restriction in all conveyances he might make of parcels of it, thus making the covenant a reciprocal one between him and the vendee. [Nicoll v. Fenning, 51 L. J. (1882) 166; Kirkpatrick v. Peshine, 24 N. J. Eq. 206; Coudert v. Sayre, 46 N. J. Eq. 386, 19 Atl. 190.] More frequently a purpose to make the restriction reciprocal and binding upon all persons who should buy lots in the vicinity from the vendor is inferred from the circumstance that a building plan had been devised and declared by him on a recorded plat of the tract, or publicly announced when lots in the tract were sold at auction, or made known to a private buyer. [DeGray v. Monmouth, etc., Co., 50 N. J. Eq. 329, 24 Atl. 388; Mann v. Stephens, 15 Sim. 377; Western v. Macdermott, L. R. 2 Ch. 72; Coles v. Sims, Kay. 56; Renals v. Cowlishaw, 11 Ch. D. 866; Nottingham, etc., Co. v. Butler, L. R. 15 Ch. Div. 261; Tallmadge v. Bank, 26 N. Y. 105.] Of course, the purpose and notice of it may be proved by other facts, by any which fairly tend to prove it; and we are not to forget the conclusion drawn in many cases in favor of subsequent grantees from the circumstance of the vendor having executed a prior conveyance burdened with a restriction inuring to the protection of the land retained by the vendor.

As Justice WILLS said in the Nottingham Co.'s case: "It is in all cases a question of intention to be gathered, as every other question of fact, from every circumstance which can throw light upon what the intention was." In Meriwether v. Joy, 85 Mo. App. 634, this court dealt with a suit wherein a prior grantee asked enforcement of a negative covenant in defendant's deed. It was said, if the purchase by the plaintiffs had been

146 App.—23

later than the defendant's, the presumption would be strong that the restriction in defendant's deed was inserted to protect property retained by Meriwether (*i. e.,* the common source of title). But, as Joy was the later purchaser and the covenant in the earlier deed was not reciprocal, the question arose whether there was evidence from which to conclude Meriwether had adopted a general plan for the construction of buildings which should be put on the property he owned, and had inserted the restriction in the defendant's deed for the purpose of retaining to prior purchasers the benefit of the plan, as defendant knew. In the suit of the prior purchasers the restriction was enforced, because after the sale to Joy, the common grantor, Meriwether, owned no other property in the vicinity, hence could not have imposed the restriction for his own protection, and must have done so to protect title to property on the street held under prior deeds. It was declared the circumstances were sufficient to advise defendant Joy of this purpose of Meriwether, for the prior conveyances contained like conditions and all houses built on the street were located on the prescribed line. The circumstance that the original proprietor of various parcels imposed a restriction in the deed to the last parcel sold by him is very cogent to prove he did so for the benefit of previous vendees, as he had no personal interest in the covenant. [Nottingham, etc., Co. v. Butler, supra, L. R. 15 Q. B. Div. l. c. 269.] And the fact that a general building plan had been arranged and lots in the tract sold pursuant to it is quite conclusive in favor of the reciprocal character of the covenant. [Cases supra.] The ultimate points for determination on the record at bar are whether there is sufficient proof that the restriction in defendant's deed was meant to protect the plaintiff's lot, and defendant bought with notice that it was. In dealing with these points we find the circumstances deemed most favorable to the plaintiffs in the Meriwether case are not in evidence in this one. For aught that appears, Flora Haydock

may have owned other lots in Reber's subdivision when she conveyed to defendant, and therefore would have an interest of her own in restricting the use of defendant's lots. And there is no proof of a general plan for the improvement of lots on Odell avenue, or as to whether the buildings on the avenue were erected along a prescribed line—no proof touching the latter issue, except as regards plaintiffs' house, which was about 35 feet from Odell avenue and closer than the restriction allowed. Therefore we have nothing before us to prove the covenant in defendant's deed was meant for the benefit of plaintiffs. It is true the same covenant was inserted in some deeds forming links in both plaintiffs' and defendant's chains of title; but the precedents hold this circumstance alone does not suffice to show the covenant was intended for the benefit of prior grantees and enable them to restrain its violation. [Coughlin v. Barker, 46 Mo. App. 54; Sharp v. Ropes, 110 Mass. 381; Mulligan v. Jordan, 50 N. J. Eq. 363, 24 Atl. 543; Summers v. Beeler, 90 Md. 474, 45 Atl. 19, 48 L. R. A. 54, 78 Am. St. Rep. 446.]

The judgment is reversed, and the cause remanded. All concur.