BOB MILLIGAN, Respondent, v. LEWIS E. BALSON, Appellant.*

St. Louis Court of Appeals.    Opinion Filed May 6, 1924.

1. **COVENANTS: Building Restrictions: Construction.** Whether deeds created or imposed a building line restriction upon the lots conveyed must be ascertained from the four corners of the instruments.

2. **DEEDS: Construction: Construed According to Intention of Grantor: May be Expressed Anywhere in Instrument.** In construing a deed the court will ignore the technical distinctions and priorities between the old common-law subdivisions of a deed, and seek the grantor's manifest intention as gleaned from the whole instrument; and, if that intention is expressed in the *habendum* clause, it is entitled to as much weight as if it had been expressed in the premises.

3. **COVENANTS: Building Restrictions: Intention of Grantor to Create: Rule Stated.** Whether deeds on the part of the common grantors of adjoining lots to several grantees express a present intention to impose a building line restriction against the property conveyed must be determined from the language employed, considered in connection with the situation of the property affected and the circumstances existing at the time the deeds were exe-cuted.

4. ———: ———: **Construction: Deed Restricting Observance of Building Line as that Observed by Adjoining Lot Construed.** Where owners of adjoining lots fronting on the south line of a street conveyed the eastern part of one of the lots to a person who erected a building thereon observing the building line, *held* that the deed of the western part of said lot subject to the maintenance of a building line at the same distance from the street as that observed by the "owner of lot adjoining on east," referred to the eastern part of said lot and not to the lot east of the lot conveyed, not owned by common grantors, separated from lot conveyed by walk and on which no buildings had been erected. ·

5. ———: ———: **Description of Land: Sufficient to Establish Identity.** Where grantors, owners of several adjoining lots fronting on the south line of a street, conveyed the western part of eastern lot with a building line restriction, a statement in the deed that the remainder of the property adjoining on the west and owned by

grantors would also be conveyed subject to this restriction, *held* sufficient to identify the lots intended to be impressed with the servitude.

6. ——: ·——:' Subsequent Purchases: Right of Enforcement. Where owners of a number of adjoining lots conveyed part of one by deed containing a building line restriction, and provision that the other lots should be conveyed subject to the same restriction, subsequent purchasers from such owners of one of the other lots paid his consideration therefor in the expectation of the benefit to be derived to the lots bought from the observance of the restrictions which his grantors imposed upon the use of the lots, and could enforce the restrictive covenant against all of the lots.

7. ——: ——: ——: Charged with Construction Notice of Building Line Restrictions. Where a deed conveying a lot was made subject to building line restrictions, and was duly recorded, which said deed affected or incumbered the common grantor's title to the remaining lots owned by them, *held* that a subsequent purchaser of said lots was charged with constructive notice of the restrictions therein imposed.

8. ——: ——: Common Grantor: Subsequent Conveyances: Restriction Imposed Upon Adjoining Lot: Subsequent Purchaser's Right of Enforcement. The rule that a prior purchaser from the original owner cannot enforce a restriction imposed by the latter upon a lot subsequently conveyed, does not apply, where, in the prior deed there is a grant of a right in the residue of the land retained by the vendor, or a stipulation that the restrictions put upon the lot sold by the prior deed, should also be imposed upon the remaining property, when sales should be made to subsequent purchasers, or other indications that all the lots were sold as parts of a uniform building scheme.

9. ——: ——: Violation: Evidence: Change in Character of Property: Injunctions: Equitable Relief to Enforce Covenant. In an action to enforce a building line restriction imposed by a common grantor as part of a uniform building scheme, evidence *held* not to show such a change in the character of the property affected by said restriction, or that the condition of the property by which the premises are surrounded has been so altered that the restrictions imposed are no longer applicable to the existing state of things; nor that there was such an abandonment of the plan of the building line restriction by the owners of any of the lots affected, as to render it inequitable to enforce the restrictions.

10. ——: ——: ——: Injunctions: Laches: Enforcement of Building Line Restriction: Not Barred. Where plaintiff and defendant

owned adjoining lots affected by a building line restriction imposed by a common grantor, and plaintiff notified the defendant when he started to erect the walls in violation of the restrictions that if he disregarded the building line he would take steps to enjoin him, and that after being so notified, the defendant nevertheless continued the work until restrained by the process of injunction, *held* that plaintiff was not estopped by laches from enforcing the restriction.

*Headnote 1. Deeds, 18 C. J., section 448; 2. Deeds, 18 C. J., sections 203, 329; 3. Deeds, 18 C. J., sections 448, 460; 4. Deeds, 18 C. J., section 451; 5. Deeds, 18 C. J., section 62; 6. Deeds, 18 C. J., section 460; 7. Vendor and Purchaser, 39 Cyc, p. 1731; 8. Deeds, 18 C. J., sections 459, 460; 9. Injunctions, 32 C. J., section 581; 10. Injunctions, 32 C. J., section 326.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Franklin Ferriss*, Judge.

AFFIRMED.

*Vincent D. Gallo* and *Atkinson, Rombauer & Hill* for appellant.

(1) This being a suit in equity, this court will, under the well-established procedure in equity cases, try the case *de novo*. Gibson v. Shull, 251 Mo. 485; Conrad v. Boogher, 201 Mo. App. 661. (2) (a) The covenants and restrictions relied upon by plaintiff to establish a twenty-foot building line being in derogation of the fee conveyed, and not being clearly expressed, but being in language vague, indefinite and uncertain as to the restrictions and as to any property covered by the restrictions, the court should not have extended such restrictions by implication or held that they included anything not plainly prohibited. The intention of the parties must be clearly expressed in the grant. The learned trial court declined to follow this well recognized rule of construction and thereby committed error in this case. Bolin v. Investment Company, 273 Mo. 262; Zinn v. Sidler, 268 Mo. 680; Conrad v. Boogher, 201 Mo. App. 644; Kitchen v. Hawley, 150 Mo. App. 497; Park v. Eaton, 115

Mo. App. 176; Hutchinson v. Ulrich, 145 Ill. 336; Hartman v. Wells, 257 Ill. 167; Hammett v. Born, 247 Pa. St. 418; Johnson v. Jones, 244 Pa. St. 386; Hunt v. Held (Ohio St.), 107 N. E. 765, L. R. A. 1915D, 543; Easterbrook v. Hebrew Ladies Orphan Ass'n, 85 Conn. 289; 19 C. J., p. 906, sec. 91; 4 Kent's Com. 131; 1 Wash. R. P. 317.   (b) The trial court erred in not holding that the words "clearly expressed," as used by our Supreme and Appellate Courts, as well as by appellate courts of other states, meant that if a reasonable and substantial doubt is raised by the words employed in the covenant containing the restrictions it must be resolved against the grantor.   Bolin v. Investment Company, supra; Conrad v. Boogher, supra; Stone v. Pillsbury, 167 Mass. 332, and cases cited; Johnson v. Jones, supra; Grooms v. Morrison, 249 Mo. 544; Linnville v. Greer, 165 Mo. 380.   (3) The language used in the deeds from the grantors, Jeanette F. Morton, and the St. Louis Union Trust Company, as trustees, and George O. Carpenter, Jr., to George H. Brueggemann and wife and the deed to the plaintiff and the deed to defendant's predecessor in title, did not create or impose a building line upon the property of defendant or the property of either of the other parties hereinabove named, because the language used in each of the deeds from said grantors is too vague, indefinite and uncertain, and fails to clearly express in writing any restrictions establishing a building line upon defendant's property, or the property of plaintiff, or the property of said Brueggemanns, and the trial court erred by not so holding.   Bolin v. Investment Co., 273 Mo. 262; Conrad v. Boogher, 201 Mo. App. 644; Donohoe v. Turner, 204 Mass. 274; And other authorities cited under point 2 of this brief.   (4) The language used in the deed from said grantors to said Brueggemanns did not create or impose a building line upon the property of defendant or plaintiff because the said deed wholly fails to contain any description or designation of the lots belonging to both plaintiff and defendant, and because the language used in said deed is too vague, indefinite and uncertain and fails to contain any valid description of

any property sought to be restricted with a twenty-foot building line, and the trial court erred in not holding said deed void as to the property of both plaintiff and defendant. The plaintiff has no right to enforce the observance of the restriction in question against defendant, even if such existed. 19 C. J., p. 906, secs. 91, 92; 18 C. J., p. 179, secs. 61, 67; Schroeder v. Turpin, 253 Mo. 258; Sims v. Brown, 252 Mo. 58; Blumenthal v. Blumenthal, 251 Mo. 693; And authorities cited under point 2 of this brief. (5) The petition does not state a cause of action in that it fails to allege any facts to show that plaintiff has any right under the alleged restriction on defendant's lots. Also under the proof the plaintiff cannot recover in this cause. The alleged restriction in the Brueggemann deed as to the lots belonging to plaintiff and defendant being void for its failure to contain any description or designation of the lots belonging to plaintiff and defendant, and fails to contain any valid description of any property sought to be restricted with a twenty-foot building line. Doerr v. Cobbs, 146 Mo. App. 342; Coughlin v. Barker, 46 Mo. App. 60; Meriwether v. Joy, 85 Mo. App. 634; Sharp v. Ropes, 110 Mass. 381; Mulligan v. Jordan, 50 N. J. Eq. 363; Summers v. Beeler, 90 Md. 474; Roberts v. Scull, 58 N. J. Eq. 396; Webber v. Landigan, 215 Mass. 221; Korn v. Campbell, 192 N. Y. 490, 37 L. R. A. (N. S.) 1; Stevenson v. Spivey (Va.), 110 S. E. 367, 21 A. L. R. 1276. (6) The building line restriction in question, if any such existed, has become obsolete by reason of the change in the character of the locality to that of a commercial district and must give way to the necessities and growth of the business and commercial interests of the city. In view of the facts and conditions in general it would be inequitable and oppressive to enforce same. [Koehler v. Rowland, 275 Mo. 587; Moore v. Curry, 176 Mich., 456; Knepp v. Schroeder, 255 Ill. 621; Devlin on Real Estate, sec. 991.c; Thompson v. Langan, 172 Mo. App. 83; Messersmith v. Messersmith, 22 Mo. 372; Jackson v. Stevenson, 156 Mass. 496; Scharer v. Pantler, 127 Mo. App. 433; Eversten v. Geitenberg, 186 Ill. 344; Batchelor v. Hinkle, 210

N. Y. 243; Trustees v. Thatcher, 87 N. Y. 311; Schwartz v. Duhne, 118 N. Y. App. Div. 105; Bates v. Logeling, 137 N. Y. App. Div. 578; Russell v. Haysel, 20 Ohio C. C. Rep. 127. (7) The plaintiff was guilty of such laches in standing idly by for more than two months after seeing the foundation walls and footings of the buildings erected by defendant before instituting this suit, and such conduct should preclude him from the relief sought to be obtained. Kellogg v. Moore, 271 Mo. 193; Chilton v. Nickey, 261 Mo. 243.

*Edward W. Foristel* and *O. J. Mudd* for respondent.

(1). It is immaterial, under the Missouri rule, where or in what part of a deed the intention of the grantor to impose a restriction on the use of the land granted may be found. If that intention is clear and free from reasonable doubt, it is binding upon the land conveyed, whether impressed in the one or the other of the orderly parts of the deed. Utter v. Sidman, 170 Mo. 284; Heady v. Hollman, 251 Mo. 632; Garrett v. Wiltse, 252 Mo. 699; Welch v. Finley, 281 Mo. 684; Gaw v. Allen, 112 Mo. App. 711; Kitchen v. Hawley, 150 Mo. App. 497; Kenwood Land Co. v. Investment Co., 169 Mo. App. 715. (2) The intention to impose a restriction upon the use of land conveyed in a deed, and especially when it is imposed in conformity to a general scheme or plan, is to be discovered from the deed itself and the "surrounding circumstances" indicative of such intention. Berry on Restrictions on the Use of Real Property, sec. 38; Kenwood v. Invs. Co., 169 Mo. App. 725; Spahr v. Cape, 143 Mo. App. 114; Coughlin v. Barker, 46 Mo. 54; Doerr v. Cobbs, 146 Mo. App. 342. (3) The deed of Carpenter and the trustees of Morton to the Georgia Realty Company sufficiently imposes upon the lots therein conveyed the building-line restriction contended for by the plaintiff in this action, and since defendant holds by mesne conveyances through that deed, he, as owner and in the use of his lots, is bound by that restriction. Meriwether v. Joy, 85 Mo. App. 634; Kitchen v. Hawley, 150 Mo. App. 497;

Fete v. Foerstel, 159 Mo. App. 75; Doerr v. Cobbs, 146 Mo. App. 342; Kenwood Land Co. v. Investment Co., 169 Mo. App. 715. (4) The deeds to Brueggemann, to the plaintiff and to the Georgia Realty Company sufficiently show an intention on the part of the common grantors therein to invest the plaintiff with a beneficial interest in the enforcement of the building-line covenant imposed by said deeds, and the defendant took title to the lots owned by him with notice of all said deeds. R. S. 1919, secs. 2198-2199; King v. Union Tr. Co., 226 Mo. 351; Bobst v. Williams, 287 Mo. 317; Teutenberg v. Hoover, 250 S. W. 561. (5) The fact that the cotenants (common source of title) conveyed the first lot to Hazenstab without a restrictive covenant does not militate against the subsequent adoption and imposition by them of a general building plan calling for the building line sought to be enforced by this action. Fete v. Foerstel, 159 Mo. App. 75; Hart v. Rueter, 223 Mass. 211; Hano v. Bigelow, 155 Mass. 341. (6) The fact that, after the restrictive covenants were established, and plaintiff had acquired a beneficial interest in their enforcement and the deed to the Georgia Realty Company had been made, the surrounding territory became "commercial" and as such did not call for any such restriction does not destroy the right to enforce the restrictive covenants. The rule, affirmed in Trustees v. Thatcher, 87 N. Y. 311, is not followed in Missouri. Spahr v. Cape, 143 Mo. App. 114; Noel v. Hill, 158 Mo. App. 426; Thompson v. Langan, 172 Mo. App. 64. (7) There is no estoppel by laches shown in this record. Safe Deposit Company v. Kennett Est., 101 Mo. App. 370, and cases there cited.

BRUERE, C.—This is a suit by injunction to restrain the defendant, appellant here, from erecting, on premises adjoining those of the plaintiff, a building within twenty feet south of the south line of Delmar avenue, in the city of St. Louis, Missouri. From a judgment granting the relief prayed for defendant appeals.

It appears from the pleadings and the undisputed evidence that Jeanette F. Morton, the St. Louis Union

Trust Company and George O. Carpenter, Jr., being the owners, in fee simple, of lots Nos. 32 to 45, inclusive, in block No. 5051a of the city of St. Louis, Missouri, and all fronting on the south line of Delmar avenue, conveyed on the 6th day of May, 1904, the eastern thirty-three feet of said lot No. 45, to George H. Hazenstab and Bettie C. Hazenstab, his wife.

Thereafter, and before the 22nd day of October, 1904, the said George H. Hazenstab erected a brick flat on the lot thus acquired, fronting on Delmar avenue, and so located it that the front thereof was on a line parallel with and twenty feet south of the south line of said avenue.

On the 22nd day of October, 1904, Jeanette F. Morton, the St. Louis Union Trust Company and George O. Carpenter, Jr., conveyed to George H. and Minnie Brueggemann the balance of said lot No. 45, except the western one and five-eighths (1-5/8') feet thereof. The deed to Brueggemann and wife contained the statutory words of "grant, bargain and sell" and the following *habendum* clause:

"To have and to hold the same, together with all rights, immunities, privileges and appurtenances to the same belonging, unto the said parties of the second part, their heirs and assigns forever, the said grantors hereby covenanting that they will warrant and defend the title to the property hereby conveyed unto the said parties of the second part and to their heirs and assigns forever, against the lawful claims and demands of all persons whomsoever, except as to taxes for the year 1905, and subsequent years, and an easement over the southern five (5') feet of the property above described granted to the city of St. Louis for sewer purposes, *and also a building line to be observed by the grantees herein located at an equal distance from Delmar boulevard as that observed by the owners of the lot adjoining on the east, to all of which this conveyance is made subject, and to which the remainder of the property adjoining on the west and owned by said grantors is also to be conveyed subject, whenever sold.*" (Italics ours.)

Thereafter, on the 27th day of April, 1905, Jeanette F. Morton, the St. Louis Union Trust Company and George O. Carpenter, Jr., conveyed lots Nos. 40 and 41 of said block No. 5051a, of the city of St. Louis, Missouri, to plaintiff, Bob Milligan; and in said deed of conveyance the said grantors inserted restrictive covenants, as to the use of said real estate, which are contained in the habendum clause and are as follows:

"Save and excepting however as to the taxes for the year 1906, and subsequent years, an easement over the southern five (5′) feet of the property above described granted to the city of St. Louis, Missouri, for sewer purposes; *and also a building line to be observed by the grantee herein located, at a distance of twenty (20′) feet south of the south line of Delmar boulevard, to all of which this conveyance is made subject.*" (Italics ours.)

It also appears that on November 14, 1905, Jeanette F. Morton, the St. Louis Union Trust Company and George O. Carpenter, Jr., conveyed to Georgia Realty Company lots Nos. 32, 33, 34, 35, 36, 37, 38, 39, 42, 43, 44, and the west one and five-eighths inches (1-5/8″) of lot No. 45 of city block 5051a of the city of St. Louis. The deed contained the same restrictive covenants, as to the use of the real estate conveyed, as are contained in said deed of said grantors to plaintiff.

The defendant acquired lots Nos. 42, 43, 44, and the western 1-5/8 inches of lot No. 45 of said block No. 5051a of the city of St. Louis, Missouri, by mesne conveyances from the Georgia Realty Company, which purchased from said common grantors. All of the mesne conveyances down to Frances M. Hughes, from whom defendant acquired said lots, contain, in the *habendum* clause, the identical language, as to the use of the lots conveyed, as is contained in the said deed of Morton and others to the Georgia Realty Company. Defendant's deed from Hughes is dated August 7, 1919, and contains the following restrictive clause:

"The above described property is conveyed subject to a building line if any."

It also appears that on all the lots from 32 to 45, inclusive excepting those conveyed to the defendant, the owners thereof have erected buildings, none of which are nearer to the south line of Delmar avenue than twenty feet. All of said lots constitute a contiguous body of ground, with an aggregate width east and west, along the south line of Delmar avenue, of seven hundred and twenty-five to seven hundred and forty feet, and run, in the increasing numerical order, from lot 32 on the west to lot 45 on the east, inclusive.

The several deeds heretofore mentioned were recorded in due course in the recorder's office of the city of St. Louis, Missouri.

It was admitted by the defendant at the trial that he was, at the time of the institution of this suit, proceeding to erect a building, extending to the sidewalk on Delmar avenue, on his said lots and in violation of the building line twenty feet south of the south line of Delmar avenue, if any such building line existed.

The other pertinent facts will sufficiently appear in the course of the discussion of the legal questions raised on this appeal.

The defendant sets up to the action substantially the following defenses:

(1) That the several deeds, hereinbefore mentioned, do not operate to impose a building line upon the lots belonging to the defendant.

(2) That plaintiff has no right to enforce the observance of the restriction in question against defendant, even if such existed.

(3) That the building line restriction in question, if any such existed, is no longer applicable to the existing state of things by reason of the change in the character of the locality, at and about said lots, from a residence district to a commercial district, and that its enforcement would be inequitable and oppressive.

(4) That the plaintiff is estopped by his laches from enforcing the restriction.

In support of the first defense set up in the action, it is urged that the expressions concerning a building line restriction, because laid only in the habendum clauses of

the deeds, do not create and establish a restriction, but merely save and except such building line, if such encumbrance existed, from the operation of the covenants of warranty previously set forth in the deeds.

Whether the several deeds create or impose a building line restriction upon the lots in question, must be ascertained from the four corners of the instruments. Under the modern rule, which prevails in this State, in construing a deed the court will ignore the technical distinctions and priorities between the old common-law subdivisions of a deed and seek the grantor's manifest intention as gleaned from the whole instrument; and if that intention is expressed in the *habendum* clause it is entitled to as much weight as if it had been expressed in the premises. In passing on the question, MARSHALL, J., in Utter v. Sidman, 170 Mo. l. c. 294, 70 S. W. 702, tersely states said rule as follows: "The intention of the grantor, as gathered from the four corners of the instrument, is now the pole star of construction. That intention may be expressed anywhere in the instrument, and in any words, the simpler and plainer the better, that will impart it, and the court will enforce it no matter in what part of the instrument it is found." [See, also, Welch v. Finley, 281 Mo. 684, l. c. 691, 219 S. W. 897; Kitchen v. Hawley, 150 Mo. App. 497, l. c. 503, 131 S. W. 142; Nations v. Spense, 235 S. W. 1065; Willis v. Robinson, 291 Mo. 650, l. c. 668, 237 S. W. 1030; Garrett v. Wiltse, 252 Mo. 699, l. c. 707, 161 S. W. 694.]

It is next contended that the language, relating to a building line restriction, contained in the Brueggemann deed, or in the deed to plaintiff, or in the deed to the Georgia Realty Company, does not express a present intention, on the part of the common grantors, to impose a building line restriction against the property conveyed. Whether said deeds express such an intention must be determined from the language employed, considered in connection with the situation of the property affected and the circumstances existing at the time the deeds were executed.

In order to fully understand the situation of the property affected and the circumstances existing at the time the several deeds were executed, it may be well to further note that it does not appear that the owners of lots 32 to 45, inclusive, owned any other property in said block; and that said lot 45 is bounded on. the east by Academy Way, which separates it from lot 46, the latter lot being the east side of said walk.

It will be noted that the grantors in the Brueggemann, Milligan, and Georgia Realty Company deeds are the common source of title of both plaintiff and defendant. These deeds include all the lots owned by said grantors in block No. 5051a of the city of St. Louis, Missouri, except the eastern thirty-three feet of lot 45, which was the easternmost portion of the whole tract of land. A building line restriction, against the lots conveyed, is also written in all of them.

In the Brueggemann deed the grantors not only imposed a building line restriction upon the lot sold therein, but bound themselves that said restriction should also be imposed upon the remaining lots, adjoining on the west and owned by them, and that such remaining lots should be conveyed subject to said restriction whenever sold. It is clear that, by the restriction imposed upon the use of the remaining lots owned by them, the grantors meant to impress a uniform plan for a building line against all said remaining lots, and intended that said covenant should inure to the benefit of all subsequent purchasers of same. This intention was carried out by the grantors in their deed to the plaintiff, conveying lots Nos. 40 and 41, and in their deed to the Georgia Realty Company conveying the balance of said lots. These deeds also impressed the lots conveyed therein with the same restriction impressed by the Brueggemann deed.

Counsel for the defendant contend, however, that "the language used in the Brueggemann deed is too vague, indefinite and uncertain and fails to contain any valid description of any property sought to be burdened with said alleged covenants and restrictions with a twenty foot building line."

Milligan v. Balson.

In support of this contention it is argued that the language "and also a building line to be observed by the grantees herein located at an equal distance from Delmar boulevard *as that observed by the owners on the lot adjoining on the east,* to all of which this conveyance is made subject," referred to lot 46. As to this contention the record shows lot 46 had observed no building line, because no building had been erected thereon at the time the Brueggemann deed was executed. The record further shows that lot 46 did not adjoin the lot conveyed in the Brueggemann deed at all, but was separated therefrom by Academy Walk. It further appears, from a reading of the Brueggemann deed, that the lot therein conveyed is described as being bounded *"on the east by property recently conveyed to H. Hazenstab and wife by the grantors herein;"* the east part of lot 45, conveyed to Hazenstab, had observed a building line. It is obvious that the said language of the deed can not be construed to refer to lot 46.

It is further urged that the description in the Brueggemann deed contained in the words *"and to which the remainder of the property adjoining on the west and owned by said grantors is also to be conveyed subject whenever sold"* fails to contain an accurate and definite description of the property to be impressed with the building line restriction, and therefore does not operate to create such a restriction. We cannot give our assent to this contention. It is admitted that the grantors in the Brueggemann deed, at the time of its execution, were the record owners in fee of lots 32 to 44, inclusive, and the Western one and five-eighths inches of lot 45, and that these lots comprised the remainder of the property adjoining on the west and so owned by said grantors. From this description the identity of the lots, intended to be impressed with the servitude, can be established. [18 Corpus Juris, sec. 62, p. 180.]

Plaintiff, having purchased his lots subsequent to the execution and recording of the Brueggemann deed, paid his consideration therefor in the expectation of the benefit to be derived to the lots bought from the observance of the restrictions which his grantors imposed upon

the use of the lots in question. He can, therefore, enforce the restrictive covenant against said lots. [King v. Union Trust Company, 226 Mo. 351, 126 S. W. 415; Coughlin v. Barker, 46 Mo. App. 54; Doerr v. Cobbs, 146 Mo. App. 342, 123 S. W. 547; Meriwether v. Joy, 85 Mo. App. 634; Fete v. Foerstel, 159 Mo. App. 75, 139 S. W. 820; Roberts v. Scull, 43 Atl. 583; Berry on Restrictions on Use of Real Property, sec. 307, p. 350, sec. 332, p. 402, sec. 334, p. 413.]

Counsel for the defendant further contend that the defendant is not charged with constructive notice of the restriction contained in the Brueggemann deed. If we are right in our holding that said deed, which was duly recorded, affected or encumbered the common grantor's title to the remaining lots owned by them, then it follows that defendant, who was a subsequent purchaser of said lots, is charged with constructive notice of the restrictions therein imposed.

An inspection of his deed to his lots, executed by his grantor Hughes, would have disclosed the fact that said lots were burdened with a building line encumbered, if any, for his deed was so written. This pregnant warning would have suggested to a prudent man to inquire further, by a search of the records, whether or not an encumbrance had been placed on his lots. Such an examination would have disclosed the encumbrance imposed on his lots by the deeds of the common grantor of plaintiff and defendant to the Georgia Realty Company, and to Brueggemann, and that the encumbrances therein imposed inured to the benefit of the adjoining lots owned by the plaintiff. We rule this point against the defendant; and as authority for this holding we cite King v. Union Trust Company, supra, where the question is ably and thoroughly considered, and the point ruled adversely to defendant's contention.

As to the second defense raised to this action, this is bottomed on the rule that "a prior purchaser from the original owner cannot enforce a restriction imposed by the latter upon a lot subsequently conveyed; and counsel

cites in support thereof Doerr v. Cobbs, 146 Mo. App. 342, 123 S. W. 547.

The Doerr case was one where the holder of an earlier deed sought the benefit of the restrictions in the later deed. This is not the case in the suit at bar. However, the rule invoked has no application where, as here, in the prior deed there is a grant of a right in the residue of the land retained by the vendor, or a stipulation that the restrictions put upon the lot sold by the prior deed should also be imposed upon the remaining property when sales should be made to subsequent purchasers, or other indications that all the lots were sold as parts of a uniform building scheme. [Roberts v. Scull, supra; King v. Union Trust Company, 226 Mo. 351, 126 S. W. 415; Coughlin v. Barker, 46 Mo. App. 54.] This exception is fully recognized in the Doerr case.

As to the third defense set up in the action. We do not think there has been such a change in the character of the property affected by said restriction, or that the condition of the property by which the premises are surrounded has been so altered, that the restrictions imposed are no longer applicable to the existing state of things; nor is there any evidence that there has been an abandonment of the plan of the building line restriction by the owners of any of the lots affected. Therefore, the relief sought is not inequitable. [See, also, Spahr v. Cape, 143 Mo. App. 114, l. c. 129, 122 S. W. 379; Thompson v. Langan, 172 Mo. App. 64, l. c. 83, 154 S. W. 808; Noel v. Hill, 158 Mo. App. 426, l. c. 446, 138 S. W. 364; Koehler v. Rowland, 275 Mo. 573 l. c. 587, 205 S. W. 217.]

Coming now to the last defense interposed to this action, the evidence shows that the plaintiff notified the defendant when he started to erect the walls of his building within the twenty foot line, and informed him that if he disregarded the building line he would take steps to enjoin him; and that after being so notified the defendant nevertheless continued the work until restrained by the process of injunction. There is nothing in the evidence tending to show that defendant was injured because of any laches of plaintiff, or that any inaction, on the part of the plaintiff, induced the defendant to do the

214 M. A.—41.

thing complained of and against which plaintiff seeks relief.

It follows that the judgment should be affirmed. The Commissioner so recommends.

PER CURIAM:—The opinion of Bruere, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly affirmed. *Allen, P. J.,* and *Daues, J.,* concur; *Becker, J.,* not sitting.