# T. J. FRIEDERICK v. SKELLET COMPANY.[1]

May 23, 1930.

No. 27,741.

*Einar Hoidale* and *Stevens & Stevens,* for appellant.
*Wright & Wright,* for respondent.

[1]Reported in 231 N. W. 7.

TAYLOR, C.

The question presented on this appeal is whether plaintiff is entitled to enforce against defendant a building restriction contained in the deed to defendant's grantor.

The American Security Investment Company, a corporation, owned lot 1 of block 1 of Russell's Addition to Minneapolis, a tract of land 275 feet in length in an easterly and westerly direction. The company was a close corporation of which Herman H. Hokenson was president, A. J. Hokenson vice president, and Ernest F. Lindberg secretary and treasurer. These three owned all the common stock of the company and constituted its board of directors. One or two other persons held a small amount of preferred stock. The three persons named considered themselves as constituting the corporation and conducted its affairs much as if it merely created a partnership between them.

In 1912 they agreed between themselves that the company should convey the westerly 110 feet of the lot for a specified price to Herman H. Hokenson and Ernest F. Lindberg as individuals, who were to erect an apartment building thereon; that the company should construct the building as contractor and receive a commission of ten per cent on the cost thereof for its services; that a space of 12 feet should be left between this building and an apartment building which the company intended to erect on the other part of the lot; that the building on the tract conveyed to Hokenson and Lindberg should not extend within five feet of the line between that tract and the tract retained by the company and that the building to be erected on the tract retained by the company should not extend within seven feet of that line. Pursuant to this agreement, which was oral, the company conveyed the westerly 110 feet of the lot to Herman H. Hokenson and Ernest F. Lindberg in November, 1912, and thereafter constructed for them a three-story apartment building thereon. This building was set back five and one-half feet from the line between the two tracts. As a part of its contract the company constructed along the easterly side of the building a concrete driveway covering the westerly seven feet of the tract retained

by the company, and also constructed a concrete ash pit underneath the driveway and placed a manhole in the driveway through which to remove the ashes. It also placed a chute in the easterly wall of the building through which to deliver coal.

In 1914 the company let a contract for the erection of an apartment building on the tract which it retained. The plans provided that the building should be set back seven feet from the line between the two tracts. While the work of excavating for the building was in progress the company received an attractive offer for the land. Thereupon it canceled the contract for the building and, in December, 1914, conveyed the land to Margaret A. Young by a deed which contains the following provision:

"This conveyance is made upon the condition that the purchasers, their heirs and assigns forever agree not to erect a building on said premises within seven feet from the westerly line of said property herein conveyed. If this restriction is broken, title to the westerly 55 feet of the premises hereby conveyed shall revert to the grantor or its successors."

In June, 1917, Margaret A. Young conveyed this tract to the W. L. Harris Realty Company by a deed which recites that the conveyance is subject to the building restrictions contained in the deed to her. In June, 1922, the W. L. Harris Realty Company conveyed this tract to the defendant by a deed which contains no reference to building restrictions. About the same time defendant obtained a quitclaim deed from the investment company executed by Hokenson and Lindberg as president and secretary of the company. They were then the owners of the other tract as individuals. The deed so executed contains this provision:

"This deed is given to remove and cancel the stipulation of forfeiture contained in that certain warranty deed dated the 28th day of December, A. D. 1914, made by said party of the first part to Margaret A. Young, and recorded in the office of the register of deeds of Hennepin county, Minnesota, on December 29, 1914, in book 785 of deeds, on page 285, providing for forfeiture of said

premises in the event of the breaking of certain building restrictions in said warranty deed fully set forth. This quitclaim deed does not in any manner affect, change, alter or waive said building restrictions which are to be and remain in force as fully as though this quitclaim deed had not been given, the only purpose of this quitclaim deed being to cancel and remove the said forfeiture provision."

In April, 1915, Herman H. Hokenson and Ernest F. Lindberg conveyed their tract to Ike Blooston and Meyer S. Cohen, and by mesne conveyances that tract has passed to and is now owned by the plaintiff. All the deeds to both tracts were duly recorded.

Defendant began the construction of a building which would extend over the westerly seven feet of defendant's tract and to the easterly line of plaintiff's tract. Thereupon plaintiff brought this action and obtained a judgment enjoining defendant from erecting any building on the westerly seven feet of defendant's tract. Defendant appealed.

Defendant criticizes the conduct of Herman Hokenson and Ernest Lindberg in dealing as officers of the investment company with themselves as individuals. But as those transactions seem to have been satisfactory to and acquiesced in by all the parties concerned in the investment company and no one interested in that company questions them, their validity cannot be questioned by defendant in this proceeding.

Defendant contends that plaintiff is not in position to claim the benefit of the restriction in question for the reason that the deed through which plaintiff derives his title was executed by the investment company prior to the execution of the deed which imposed the restriction. By whom building restrictions may be enforced is a question which has arisen in a multitude of cases. They are collated in an annotation in 37 L.R.A. (N.S.) 12, and in annotations in 21 A. L. R. 1281, 33 A. L. R. 676, and 60 A. L. R. 1223. See also 7 R. C. L. 1114, 1125; 18 C. J. 393.

The authorities are to the effect that where the owner of a tract of land conveys a part of the tract and imposes upon the part con-

veyed building restrictions for the benefit of the part retained, a subsequent grantee of the part retained may enforce such restrictions against a subsequent grantee of the part so conveyed; and also that where the owner conveys a part of the tract and imposes upon the part retained building restrictions for the benefit of the part conveyed, a subsequent grantee of the part conveyed may enforce such restrictions against a subsequent grantee of the part retained. But where the owner conveys a part of his tract without imposing or agreeing to impose any restrictions on the part retained, and subsequently conveys the part retained or a parcel thereof subject to restrictions, a grantee of the part first conveyed cannot enforce such restrictions against a grantee of the part subsequently conveyed. This for the reason that such restrictions could not have been an inducement for making the prior purchase nor have been an element in fixing the consideration therefor.

The trial court found as a fact that the restriction in question was imposed on the land now owned by defendant for the benefit of the land now owned by plaintiff, and held that plaintiff had the right to enforce it.

The investment company owned a single large lot and no other property in that vicinity. It sold a part of the lot with an oral agreement that the seven feet of the part retained which adjoined the part sold should not be covered by a building. As contractor it constructed a building on the part sold and a concrete driveway which covered the seven feet of the part retained upon which it had promised that no building should be erected. The building which it constructed was so arranged that fuel was to be delivered and ashes removed over this driveway. The investment company subsequently sold and conveyed the remainder of the lot; but, recognizing its oral agreement, and for the purpose of making that agreement effective, it inserted in the deed a provision that no building should be erected on that tract within seven feet of the tract previously conveyed. The investment company retained no property for the benefit of which this restriction could have been imposed. And we think it was competent for plaintiff to prove that it was imposed to

make effective the oral agreement in respect to the tract previously conveyed and now owned by him, and for the benefit of that tract.

The fact that the deed to defendant does not contain the restriction is not important, for defendant derives its title through deeds which do contain it and is bound by it to the same extent that his grantors were bound. Furthermore, the fact that defendant procured a deed from the investment company for the purpose of abrogating the forfeiture provision in the restriction, which deed expressly reiterated the restriction and continued it in full force, shows that defendant had actual notice of it. In view of all the circumstances we think that defendant must be deemed not only to have had actual notice of the restriction but also to be chargeable with notice of the purpose for which it was imposed.

In the numerous cases referred to we have found none dealing with the same state of facts here presented. However we think the following, although dealing with a different state of facts, may be mentioned as supporting the conclusions we have reached. Kirkpatrick v. Peshine, 24 N. J. Eq. 206; De Gray v. Monmouth Beach C. H. Co. 50 N. J. Eq. 329, 24 A. 388; Mulligan v. Jordan, 50 N. J. Eq. 363, 24 A. 543; Leinau v. Smart, 11 Humph. (30 Tenn.) 307; Parker v. Nightingale, 6 Allen (88 Mass.) 341, 83 Am. D. 632; Peck v. Conway, 119 Mass. 546; Beals v. Case, 138 Mass. 138; Tallmadge v. East River Bank, 26 N. Y. 105; Trustees v. Lynch, 70 N. Y. 440, 26 Am. R. 615; Equitable Life Assur. Soc. v. Brennan, 148 N. Y. 661, 43 N. E. 173; Porter v. Denny, 170 App. Div. 546, 156 N. Y. S. 1016; Coughlin v. Barker, 46 Mo. App. 54; Doerr v. Cobbs, 146 Mo. App. 342, 123 S. W. 547; Milligan v. Balson, 214 Mo. App. 627, 264 S. W. 73; Baker v. Lunde, 96 Conn. 530, 114 A. 673; Armstrong v. Leverone, 105 Conn. 464, 136 A. 71; Chapin v. Dougherty, 165 Ill. App. 426; Plaster v. Stutzman (Tex. Civ. App.) 8 S. W. (2d) 750; Muzzarelli v. Hulshizer, 163 Pa. 643, 30 A. 291; McCloskey v. Kirk, 243 Pa. 319, 90 A. 73; Kramer v. Nelson, 189 Wis. 560, 208 N. W. 252.

We concur in the conclusions reached by the learned trial court, and the judgment is affirmed.