## KOKENGE et v WHETSTONE et

Ohio Appeals, 1st Dist, Hamilton Co

No 5470.   Decided November 1938

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, and Clark & Robinson, Cincinnati, for appellants.

Richard Remke, Cincinnati, and Michael G. Heintz, Cincinnati, for appellees.

## OPINION

By MATTHEWS, J.

This is an action to remove a cloud from the complainants' title to their property located on Erie Avenue, between Zumstein Avenue and Edwards Road, in the Mooney Subdivision, in the City of Cincinnati, and to quiet their title against the claims of the defendants, who are likewise owners of lots in the same subdivision. The action was instituted in the Common Pleas Court of Hamilton County, and was appealed from the judgment of that court to this court on both law and facts.

It is undisputed that Mooney Subdivision, containing 102 lots, was laid out in 1899, and that the deeds were executed by the subdivider containing among other restrictions that "said property herein conveyed shall be used exclusively for residential purposes." It is not disputed that this covenant was intended for the benefit of all the grantees in the subdivision and that each grantee became bound thereby in favor of all other owners in the subdivision. It is likewise admitted that the subdivision developed as a fine residential district and that this restrictive covenant continued as a shield against the intrusion of other uses for many years, but it is now claimed that it has ceased to operate so as to restrict the use of the plaintiffs' property in favor of the other property owners in the subdivision, for the following reasons:—

(1)   Because of a change in the character of the activities in the neighobrhood making it inequitable to continue longer to burden the plaintiffs' property.

(2)   Because the defendants and their predecessors in title had been made parties to two registration suits brought for the purpose of removing this restriction on lots in the same square in which they had failed to answer and a decree had been entered finding that "said restriction has been waived and is no longer in force."

(3)   Because they had permitted the premises at the northwest corner of this same square to be used for business purposes and thereby waived the restriction as to that lot, and for that reason are estopped to assert the restrictive covenants as to the plaintiffs' premises.

At the time Mooney Subdivision was laid out the property immediately adjoining had already been subdivided and Erie Avenue expanded into a public square, and the property abutting on that square left unrestricted by the subdivider with the intention that the business center of the suburb would be located there. It was undoubtedly in the minds of those purchasing the property in the restricted Mooney Subdivision that the lots on the border of the subdivision, while protected from non-residential uses, within the subdivision, would be exposed to such

uses of property outside the subdivision. And this was particularly true of purchasers of property on Erie Avenue between Zumstein Avenue and Edwards Road, because of the fact just noted that Erie Avenue in the square immediately to the east, but outside the subdivision had already been so laid out as to invite the use of the abutting property for business purposes. They knew they would be exposed to this use of property near their property, but they also knew that this use could not engulf their property so long as the restrictive covenants remained unimpaired, and they knew that they would remain unimpaired as long as every property owner in Mooney Subdivision insisted upon the observance of these covenants, in the absence of some lawful governmental intervention.

Now the only relaxation of the restrictive covenants relates to lots abutting on Erie Avenue in the square immediately west of the eastern boundary of the subdivision to the east of which in the next square is the business district, outside the Mooney subdivision. The restrictive covenant has been and is being observed in all other parts of the subdivision. The affected square is only a small part of the subdivision.

It is claimed that because the defendants consented to, acquiesced in and did not resist the use of some of the lots in that square for non-residential purposes, they cannot now insist upon the observance of the restriction in the use of any of the lots in that square.

The conclusion would be justified only in the event the use of those few lots for nonresidential purposes so affected the property within the entire subdivision as to render the enforcement of the covenant of no substantial value to any property owner in the subdivision for the purpose for which the covenant was imposed, that is, to preserve the property exclusively for residential purposes, with the attendant comforts and conveniences. The record presents no such case.

On the contrary, the record shows that with the exception of these few lots on the border of the subdivision all the other lots have been improved by the building of substantial dwellings thereon with one exception, that it is occupied by a church edifice. The residences and the yards are all kept in good condition, so that they constitute a very desirable and attractive suburban residence community. The use of these few lots on the margin for business purposes has not to any great extent detracted from the desirability of any of the subdivision for residence purposes except a few adjoining lots.

We find nothing in the record upon which to predicate a waiver by, or estoppel of, the defendants from insisting that the owners of the plaintiffs' lots abide by the terms of the covenant that is in their chain of title, so long as observance of it is of substantial value to the other lot-owners in the subdivision.

The very purpose of this restrictive covenant was to cast a burden upon each lot for the benefit of all the other lots. In equity it created easements upon each lot in favor of every other lot. The fact that the servient estate could be used more extensively if it were free of the burden, or would have a greater value, is no basis for removing the burden. It is the absence of substantial value to the dominant estate that creates the equity in favor of quieting the title, and so long as substantial value remains, no equity arises in favor of the servient owners.

This case was heard on appeal on the same evidence that was before the Common Pleas Court. We are satisfied with the findings of fact and conclusions of law made by this court, and a similar decree may be entered in this court.

We have not extended this opinion by a discretion of the law, for the reason that Judge Morrow amply justified his conclusions in an opinion which is published in **11 Ohio Op. 213, (26 Abs 398).** We approve the reasoning in that opinion, which is fully supported by the authorities cited including many of the Ohio cases on the subject of the enforceability · of restrictive covenants. In addition, we cite **13 Ohio Jur., 1004, et seq.,** where will be found the rule deduced from the Ohio cases, and 14 Am. Jur., 648, et seq., where the cases from other jurisdictions are analyzed and the results stated. A comparison discloses that there is agreement on the rule. The only difficulty is in its application to specific facts. We find no difficulty in this case.

A decree may be presented in conformity to this opinion.

ROSS, PJ, and HAMILTON, J, concur.