SZILVASY, APPELLEE, *v.* SAVIERS ET AL., APPELLANTS.

(No. 2823—Decided May 8, 1942.)

*Mr. John P. Danks* and *Mr. George Edwards,* for appellee.

*Mr. Murray A. Nadler,* for appellant, Julius Aron. *Messrs. McKain, Ohl & Swanner,* for appellant, Paul R. Main.

PHILLIPS, J. Defendants appeal on questions of law and fact from a judgment of the Court of Common Pleas of Mahoning county permanently enjoining defendants from using a lot adjoining plaintiff's residence as a commercial parking ground.

The undisputed evidence submitted to us is that plaintiff is the owner of Youngstown city lot number 34548, situated on Winona drive, in the city of Youngstown, upon the south side of which her residence, valued at $15,000, faces, and where she and her family live; that defendants, Main and Aron, have an interest in Youngstown city lot number 34549, which is adjacent to plaintiff's lot, and fronts 50 feet on the southerly side of Winona drive, and extends in a southerly direction a distance of 173.65 feet along the westerly line of Glenwood avenue, and occupies the southwesterly angle created by the intersection of those streets, which is presently used by defendants and others for parking purposes, the lower court's injunction having been suspended pending appeal to this court; that deeds for both lots, executed by a common grantor, contain a covenant, among others, "that said lot shall be used for the purpose of a private residence only," the validity of which is not disputed; that by zoning ordinance duly passed by the council of the city of Youngstown on October 28, 1929, a part of that city in the vicinity in which the above lots are situated, including lot 34549 and a lot occupying the northwest corner of the intersection of Winona drive and Glenwood avenue, was designated and established as commercial B district, and is used for commercial purposes; that the lots are situated in the immediate vi-

cinity of a substantial business district, served by Glenwood avenue, a much traveled highway to and from the business district of downtown Youngstown; that since original allotment and passage of the above mentioned zoning ordinance the vicinity in which the lots involved in this controversy are situated has changed in character; and that the present use of lot 34549 operates to the injury of plaintiff's property and lessens its desirability for residence purposes.

Plaintiff claims that title to the lands involved was derived from a common grantor and restrictions contained in the deeds conveying title are covenants running with the land which a court of equity is without power to modify or nullify, and which it must strictly enforce as written; that defendants' use of lot 34549 for commercial parking purposes operates to the irreparable injury of her property, and contends that defendants should be permanently enjoined from using that lot for any business purposes or purposes other than that governed by the restriction in the deed conveying title thereto; and asks an accounting of damages sustained, and judgment therefor, and "for such other relief as is equitable."

Defendant contends that plaintiff did not contest the passage of the zoning ordinance to which reference has been made, and by reason of the existence thereof and the changed character of the vicinity in which the lots in controversy are situated they are no longer suitable for residence purposes and the restrictions contained in the deeds when the allotment was originally plotted are no longer feasible, useful and effective; that by reason thereof plaintiff is estopped and barred from enforcing the restrictions contained in the deeds conveying title to the lots in question, and prays that such restrictions be declared "a nullity and of no substantial value to the property" referring apparently to

plaintiff's lot, and for any and all necessary and proper relief.

The question presented then is whether the applicable restrictions in the deeds of the respective parties are effective and controlling under the conditions which presently exist and prevent the use of defendants' lot for commercial purposes, regardless of the zoning ordinance to which reference has been made.

In approaching a discussion of the question presented we are mindful of the fact, as urged by defendants, that changed neighborhood conditions, use of adjoining property, as well as the value to plaintiff of the restrictive covenant sought to be enforced and the effect of the zoning ordinance must be considered; that all doubt as to the meaning of the language used in the restrictive covenant as to plaintiff's right to enforce the restrictions in her deed must be resolved in favor of defendants' free use of the property in which they have an interest.

From the evidence submitted we find that the same restrictions are contained in the deeds to the respective parties and other purchasers of property in the same allotment; that the conditions in the allotment in which the lots of the respective parties are situated have not changed, but that the neighborhood in the immediate vicinity thereof has changed, and abutting property is used for commercial purposes; that the restriction in plaintiff's deed has a substantial value to her, and that lot 34549 has been zoned as commercial B, but we find no ambiguity in the meaning of the language used in the restrictive covenant necessitating our resolving any doubt as to the meaning thereof in favor of defendants' free use of lot 34549.

Without further discussion we are of opinion that there has been no such radical change in the character of the allotment and neighborhood in which the lots

of the respective parties are situated as can for that reason be held destructive of the covenant relied on, and we believe that the disputed restrictive covenant is a covenant running with the land and binding on the common grantor and all persons claiming under it with notice thereof.

This brings us then to a consideration of the effect of the zoning ordinance upon plaintiff's right to enforce the restriction.

"A municipality by changing a residence zone to a business zone does not assume to pass upon the present effectiveness of restrictive residential covenants in the deeds of the property owners in a subdivision in the residence zone, nor does such change bind the court in determining such effectiveness." *Kokenge* v. *Whetstone,* 26 Ohio Law Abs., 398. See, also, same case 28 Ohio Law Abs., 148.

We believe that the rule applicable here has been well phrased by Metzenbaum in his work, "The Law of Zoning," page 282:

"It is the generally recognized rule—now supported by court adjudication as well—that restrictions written into a deed or otherwise controlling an 'allotment' or privately restricted area, are not abrogated or displaced by the restrictions contained in a zoning ordinance, if the provision in the ordinance is of less restrictive nature than the deed restrictions.

"For example—if restrictions have been written into deeds, forbidding the use of the property for stores or commercial purposes, and if a zoning ordinance provides that the same property may be used for store or commercial purposes, then the deed or private restrictions continue to control and are not displaced by the less restrictive provisions of the zoning ordinance.

"On the other hand, if the deed restriction or 'the

general scheme and plan of the allotment,' permit the construction of apartment houses, and if a zoning ordinance affecting the same property, limits its use to single and detached residences alone, then the ordinance provisions, being of a higher and more restrictive character, controls and supersedes the deed restrictions.''

See *Ludgate* v. *Somerville,* 121 Ore., 643, 256 P., 1043, where it is said in paragraphs three and five of the syllabus:

''Purchaser of residence property in reliance on covenants in deed against use of land for business purposes acquires property right of which he cannot be divested by city zoning ordinance.''

''Police power is not to be exercised to thwart or nullify lawful agreements not operating to detriment of public welfare.''

See, also, *Kramer* v. *Nelson,* 189 Wis., 560, 208 N. W., 252.

''A valid restriction upon the use of property, incorporated in the deeds by which the owners hold title and which in no way threatens or endangers the safety, health, comfort or general welfare, is neither nullified nor superseded by the adoption of a zoning ordinance * * *.'' *Dolan* v. *Brown,* 338 Ill., 412, 170 N. E., 425, cited in Metzenbaum, ''The Law of Zoning,'' page 283.

While the last three cited cases are from foreign jurisdictions, yet we are impressed by the reasoning employed in *Ludgate* v. *Somerville, supra,* in arriving at the conclusion reached, and the logic of the rule announced.

We reach the conclusion therefore that the zoning ordinance can not be held destructive of the covenants of the deeds of the lots to the respective parties that they ''shall be used for the purpose of a private residence only.''

We are not impressed with defendants' claim that, since plaintiff consented to, acquiesced in and failed to contest the passage of the zoning ordinance, she cannot now insist upon observance of the respective covenant in the deed of the defendant grantee, for in our opinion the contrary appears by the evidence. Nor do we find anything in the record upon which to predicate a waiver by or estoppel of the plaintiff to insist that the owner, and those having interest in lot 34549, abide by the terms of the covenant, that is in their chain of title, so long as observance of it is of substantial value to the plaintiff, even though the evidence indicates that the southwest corner of Winona drive and Glenwood avenue by the foregoing zoning ordinance was designated and established as commercial B district, and is used during a part of each year for business purposes.

In reaching our conclusion we believe that the enforcement of the restrictive covenant in plaintiff's deed would not be oppressive or inequitable, and we are mindful of the fact that lot 34549 could be used more extensively if the burden of the restriction was removed. "However the call of Mammon makes no appeal to equity," and we are clearly of opinion that the lower court arrived at a correct conclusion, and a similar decree must be entered in this court.

No evidence was submitted to us as to damage done to plaintiff's property by defendants' violation of the restrictive covenant in deed to lot 34549 to defendant grantee, and accordingly we do not, as the lower court did not, pass upon that phase of this case.

A decree may be presented in conformity with this opinion.

*Decree accordingly.*

CARTER, P. J., and NICHOLS, J., concur.